IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) ) | |
| v. ) ) | |
| Mach Mining, LLC, ) | **COMPLAINT** |
| ) ) | **JURY TRIAL DEMAND** |
| Defendant. ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Brooke Petkas and a class of female applicants for non-office jobs who were adversely affected by such practices. As stated more fully below, Mach Mining, LLC ("Defendant") maintained a policy or practice of not hiring women for mining and related positions, or, in the alternative, had a neutral hiring policy which had a disparate impact on women applicants for mining and related positions.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were, and are now being, committed within the jurisdiction of the United States District Court for the Southern District of Illinois, Benton Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. "§§ 2000e-5(f)(1) and (3) and -6.

4. At all relevant times, Defendant has continuously been a Delaware corporation doing business in the State of Illinois and the City of Johnston and the City of Marion, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Brooke Petkas filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least **o**n or about January 1, 2006, Defendant has engaged in a pattern or practice of unlawful employment practices at its Johnston, Illinois facility, in continuing violation of Section 703(a)(1) and Section 707 of Title VII, 42 U.S.C. § 2000e-2(a)(1), and 2000e-6. These practices include, but are not limited to failing or refusing to hire females into mining and related (non-office) positions because of their sex.

8. The effect of the practice complained of in paragraph seven (7) above has been to deprive Brooke Petkas and a class of female applicants of equal employment opportunities and otherwise adversely affect their status as applicants for employment, because of their sex.

9. Since at least January 1, 2006, Defendant has utilized hiring practices that cause a disparate impact on the basis of sex, in continuing violation of 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These practices include, but are not limited to, hiring only applicants who are referred by current employees.

10. The effect of the practice complained of in paragraph nine (9) above has been to deprive Brooke Petkas and a class of female applicants of equal employment opportunities and otherwise adversely affect their status as applicants for employment, because of their sex.

11. The unlawful employment practices complained of in paragraph seven (7) above were and are intentional.

12. The unlawful employment practices complained of in paragraph seven (7) above were and are done with malice or with reckless indifference to the federally protected rights of Brooke Petkas and a class of female applicants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sex discrimination in hiring.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Brooke Petkas and a class of female applicants, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Brooke Petkas and a class of female applicants, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the rightful place hiring, or award of front pay and/or future lost earnings in lieu thereof, of Brooke Petkas and a class of female applicants.

D. Order Defendant to make whole Brooke Petkas and a class of female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven (7) above, including relocation expenses, job search expenses, and medical expenses which would have been paid by Defendant's employee benefit plan, if any, in amounts to be determined at trial.

E. Order Defendant to make whole Brooke Petkas and a class of female applicants by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph seven (7) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Brooke Petkas and a class of female applicants punitive damages for its malicious and reckless conduct described in paragraph seven (7) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

    David Lopez
    General Counsel

    Jerome Scanlan
    Associate General Counsel

    Equal Employment Opportunity Commission
    131 M Street, NE
    Washington, DC 20507


    s/ John C. Hendrickson
    John C. Hendrickson
    Regional Attorney

    s/ Gregory Gochanour
    Gregory Gochanour
    Supervisory Trial Attorney

    s/ Ethan M. M. Cohen
    Ethan M. M. Cohen
    Trial Attorney


Ethan M. M. Cohen
A.R.D.C. No. 6206781
EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
500 W. Madison, Room 2000
Chicago, Illinois 60661
(312) 869-8104
ethan.cohen@eeoc.gov