IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No.: **3:11-cv-00879-JPG-PMF** |
| MACH MINING, LLC, | ) ) ) |
| Defendant. | ) |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Equal Employment Opportunity Commission's ("EEOC") (Doc. 22) Motion to Deem Confidentiality of Conciliation Waived and defendant Mach Mining. LLC's ("Mach") (Doc. 23) response thereto. For the following reasons, the (Doc. 22) motion is denied.

The EEOC filed this action on September 27, 2011, under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 in order to "correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Brooke Petkas and a class of female applicants for non-office jobs who were adversely affected by such practices." Doc. 1 at 1. The EEOC accused Mach of, *inter alia*, maintaining "a policy or practice of not hiring women for mining and related positions, or, in the alternative, had a neutral hiring policy which had a disparate impact on women applicants for mining and related positions." *Id*. Mach filed its answer on November 28, 2011. *See* Doc. 10. Among 17 asserted affirmative defenses, Mach stated that "Plaintiff's Complaint must be dismissed because Plaintiff failed to fulfill all

1

conditions precedent before filing suit, including but not limited to, conciliating in good faith the allegations at issue herein." *See id*. at 3 ¶ 3.

The EEOC filed the instant (Doc. 22) motion on May 25, 2012 wherein the EEOC asks the Court to deem the confidential nature of the pre-lawsuit conciliation process waived for the purposes of this litigation. Apparently, a discovery dispute has arisen in which Mach has objected to certain requests by the EEOC "on the basis of alleged deficiencies in EEOC's conciliation efforts." Doc. 1 at 1. The EEOC submits that Mach has waived the confidential nature of the conciliation process because Mach has brought the affirmative defense of failure to conciliate. According to the EEOC, Mach should not be permitted to effectively use the confidential nature of the conciliation process as both a sword and a shield. In response, Mach argues that the plain language of the statutory provision at issue in the instant dispute makes clear that the confidential nature of the conciliatory process has not been waived in this case.

The statutory provision at issue here provides as follows:

> … If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned. Any person who makes public information in violation of this subsection shall be fined not more than $1,000 or imprisoned for not more than one year, or both. …

42 U.S.C. § 2000e-5(b); *see also* 29 C.F.R. § 1601.26. From a plain language reading of § 2000e-5(b), it is clear that the confidential nature of the conciliation process may not be made public in a subsequent proceeding unless the persons concerned given their consent in writing. The question in this case, then, becomes whether or not Mach has done anything that could be

construed as its written consent to waive the confidentiality of the conciliation process. The Court concludes that it has not.

Among its sources of support for its position, the EEOC provides a litany of cases where a court has found that various equitable waivers of common law privileges such as the attorney-client and doctor-patient privileges. *See* Doc. 22 5-6. The Court understands the analogy that the EEOC is attempting to draw. However, there is a fundamental difference between the privileges cited and the statutory provision at issue in this case. § 2000e-5(b) only provides for one, precise method of waiver. *See* 42 U.S.C. § 2000e-5(b) (providing the confidentiality of the conciliation process may not be waived without the "written consent of the persons concerned"). Listing the failure of the EEOC to conciliate in good faith as an affirmative defense in a responsive pleading to a complaint does not, by itself, constitute "written consent of the parties concerned" as the plain language of § 2000e-5(b) requires. *See, e.g., EEOC. v. LifeCare Management Services, LLC.*, 2009 WL 772834, *4 (W.D.Pa. 2009) (finding that the defendant employer's action of signing its answer that included the affirmative defense of failure to conciliate in good faith did not constitute the "written consent" required by § 2000e-5(b)).

The EEOC also cites to a 1996 case decided in the Northern District of Illinois, *E.E.O.C. v. Rockwell Intern. Corp.*, 922 F.Supp. 118 (N.D.Ill. 1996), in support of its position that the confidentiality of the conciliation process has been waived in this case. *See* Doc. 22 at 6. The *Rockwell Intern. Corp.* court found that the defendant employer waived the § 2000e-5(b) confidentiality provision by placing the contents of the conciliation letter between the EEOC and defendant employer in public view. *See Rockwell Intern. Corp.*, 922 F.Supp. at 120. In the view of the *Rockwell Intern. Corp.* court, the defendant employer waived confidentially by specifically raising the scope of EEOC's conciliation efforts in its motion to dismiss and by citing

3

terms of the letter in its brief. *See id*. The EEOC construes the waiver found in *Rockwell Intern. Corp.* as an indirect waiver not contemplated by the plain language of § 2000e-5(b) and urges the Court to find a similar waiver in this case. *See* Doc. 22 at 6.

But granting the EEOC's request to extend the finding regarding waiver of confidentiality in *Rockwell Intern. Corp.* to this case would stretch its reasoning too far. Unlike *Rockwell Intern. Corp.,* there has been nothing filed in public view in this case that could be construed as "written consent of the parties concerned" to place the details of the conciliation process (or lack thereof) into the public domain. Mach has not (yet) filed a dispositive motion bringing the conciliation process to the forefront, nor has Mach voluntarily placed any details of the conciliation process into public view. At this time, Mach has only listed the failure of EEOC to conciliate in good faith as an affirmative defense in their answer. Granted, this does expand the scope of this litigation. Nonetheless, the inclusion of the affirmative defense in Mach's answer is not enough to trigger the sole exception provided by the plain language § 2000e-5(b). *See, e.g., LifeCare Management Services, LLC*., 2009 WL 772834, *4. However, the EEOC will not be foreclosed from raising the issue again as the landscape of this litigation evolves. Accordingly, the (Doc. 22) Motion to Deem Confidentiality of Conciliation Waived is denied.

     SO ORDERED.

     DATED: July 13, 2012.

*/s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE