**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | **Case No. 3:11-cv-00879-JPG-PMF** |
| **Plaintiff,** | ) | |
| | ) | **CJRA TRACK: D** |
| **v.** | ) | **PRESUMPTIVE TRIAL MONTH** |
| | ) | **July 2013** |
| **MACH MINING, LLC,** | ) | |
| | ) | **JUDGE: J. Phil Gilbert** |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFF EEOC'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S FAILURE TO CONCILIATE AFFIRMATIVE DEFENSE

In this sex-based failure to hire case, Defendant Mach Mining, LLC – *which has never hired a single female for a mining-related position* – asserts a "failure to conciliate" affirmative defense. With this defense, Mach claims that EEOC's efforts to obtain a conciliation agreement prior to filing this lawsuit were inadequate and thus that EEOC's suit should be dismissed in its entirety. Mach's "failure to conciliate" affirmative defense assumes that EEOC's administrative conciliation process is subject to judicial review. But, relying on case law decided under the Administrative Procedures Act ("APA"), the Seventh Circuit's decision in *EEOC v. Caterpillar*, 409 F.3d 831, 833 (7th Cir. 2005), compels the conclusion that EEOC's conciliation efforts are not subject to judicial review. The Seventh Circuit in *Caterpillar* held that the court was required to accept the finding contained in the agency's Letter of Determination, and there is no reason to think that conciliation is any different: thus, the court must accept that the agency offered conciliation as represented in its Letter of Determination and that conciliation failed as outlined in its Notice of Failure of Conciliation. Under *Caterpillar*, no further examination is needed or permitted. And, the statutory language of Title VII  itself commits the conciliation process to the agency's discretion, stating conciliation is i)

1

"informal;" ii) "confidential;" and iii) intended to result in an agreement "acceptable to the Commission."

Further, judicial review of EEOC's conciliations would have the practical effect of distracting the court from the merits issue of whether the employer engaged in the alleged discrimination.  Although Mach (which did not even have a women's bathroom on its mining premises) might prefer to avoid the merits, it is precisely the merits question that Title VII leaves to the court – not the adequacy of the agency's pre-litigation administrative process.  Because Mach is using its "failure to conciliate" affirmative defense to affect the scope of discovery and because EEOC's Letter of Determination and Notice of Failure of Conciliation show that EEOC put Mach on notice that EEOC found Mach violated Title VII with respect to both the Charging Party and a class of female applicants, EEOC moves for summary judgment now on Mach's "failure to conciliate" affirmative defense.

## FACTS
### A.      Conciliation – EEOC's Administrative Process

No later than March, 2008, Brooke Petkas filed a charge of discrimination against Mach alleging that it failed to hire her because of her sex.  *See* Exhibit A, attached.  On September 17, 2010, EEOC issued a Letter of Determination ("LOD") regarding Petkas's charge.  The LOD stated that the EEOC had found reasonable cause to believe that Mach "discriminated against Charging Party and a class of female applicants, because of their sex, in that Respondent failed to recruit and hire them, in violation of Title VII."  The LOD also invited Mach to engage in conciliation, stating, "When the Commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in a just resolution of this matter."  *See* Exhibit B, attached.  Thereafter, the parties engaged in informal attempts at conciliation.

On September 15, 2011, EEOC wrote to Mach to inform the Company that conciliation had failed. In this letter EEOC stated:

> The Equal Employment Opportunity Commission has determined that, with respect to the above referenced charge, such conciliation efforts as are required by law have occurred and been unsuccessful. This letter constitutes the notice required by §1601.25 of the Commission's Regulations which provide that the Commission shall notify a respondent in writing when it determines that further conciliation efforts would be futile or non-productive. *See* Exhibit C, attached.

### B.        Conciliation – An Issue in Litigation

Defendant has raised EEOC's conciliation efforts in its Answer and has sought extensive discovery related to conciliation and the scope of EEOC's investigation. Defendant's third affirmative defense seeks dismissal on the basis of EEOC's failure to conciliate, stating, "Further answering, Defendant states Plaintiff's Complaint must be dismissed because Plaintiff failed to fulfill all conditions precedent before filing suit, including but not limited to, conciliating in good faith the allegations at issue herein." *See* Docket Document 10.

On May 26, 2012, Defendant served on EEOC 44 sets of requests for the admission of facts, totaling 696 requests in all. *See* Docket Document 25. Each set was directed at a specific EEOC claimant, and 43 of them were identical except for the claimant's name. These 43 identical sets of requests each contained 16 individual requests; of these, 15 were directed toward actions taken (or not taken) by EEOC during its investigation or during conciliation. For example, request number 2 asks, "Admit that as of September 17, 2010 [the date of the Letter of Determination], EEOC had not determined that the "class of female applicants" (as referenced in the Letter of Determination) specifically included [Claimant Name]." Request number 10 asks, "Admit that as of September 27, 2011 [the date EEOC filed the Complaint], EEOC had not disclosed [Claimant Name]'s estimated back wages to Mach."

Mach has served EEOC with a Rule 30(b)(6) Notice of Deposition (Exhibit D, attached). Three of the Notice's sixteen topics (topics 7-9) deal explicitly with EEOC's conciliation efforts.

For example, topic 9 reads, "The substance of each discussion with each EEOC Claimant regarding the EEOC and Mach Mining's conciliation efforts."  Another six topics (topics 1-6) deal with the scope or sufficiency of EEOC's investigation of the underlying Charge.  Topic six reads, "Factual findings of the Field Investigator(s) who investigated the Charge of Discrimination."

Mach has also used EEOC's alleged deficiencies in conciliation as a basis for objecting and not providing full answers to discovery.  For example, EEOC's third interrogatory asks Mach for certain information about each individual employed by Mach.  Among other objections Mach stated the following:

> Defendant further objects to this Interrogatory to the extent it requests information related to claims of individuals EEOC failed to investigate, reach a determination upon and/or conciliate because EEOC is not permitted to use discovery as a fishing expedition to uncover additional alleged violations. *See EEOC* v. *CRST Van Expedited, Inc.,* 670 F.3d 897, 914-25 (8th Cir. 2012)….

Mach also purported to rely on the *CRST* decision in objecting to Interrogatories 4, 6, 7, 9, 10, 11, 14 and 15.  *See* Defendant's Response to EEOC's First Set of Interrogatories, attached as Exhibit E.  Mach also relied on this objection in responding to EEOC's requests for production of documents 2-19, 23, 26, 29-30, 32 and 38.  *See* Defendant's Response to EEOC's First Request for Production of Documents, attached as Exhibit F.  In all, Mach made thirty-four objections to EEOC's written discovery based on alleged deficiencies in EEOC's conciliation efforts.  Mach thus is using EEOC's supposed failure to conciliate as a basis both for issuing burdensome discovery to EEOC and for refusing to provide EEOC with relevant information responsive to EEOC's discovery requests.

## ARGUMENT

## I.     The Summary Judgment Standard

To prevail on a motion for summary judgment, the moving party must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). "[A]ll facts and all reasonable inferences" must be viewed "in the light most favorable to [the nonmoving party]." *Elkhatib v. Dunkin Donuts, Inc.*, 493 F.3d 827, 829 (7th Cir. 2007). "[S]ummary judgment is appropriate and – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law." *Dempsey v. Atchison, Topeka & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994). Whether a court can review the adequacy of EEOC's conciliation is just such a question because it does not turn on any issue of disputed fact.

## II.  Mach's "Failure to Conciliate" Affirmative Defense Can Be Resolved as a Matter of Law Because EEOC's Conciliation Efforts Are Beyond the Scope of Judicial Review

### A.  EEOC's Administrative Duties Prior to Filing Suit Against an Employer Under Title VII

Sections 706 (b) and 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(b), (f)(1), set forth certain actions the Commission must perform prior to filing suit against an employer. Under Section 706(b), 42 U.S.C. § 2000e-5(b), when the Commission receives a charge it must serve the charge on the employer and investigate the charge. If the Commission determines after the investigation that there is reasonable cause to believe that the charge is true, the Commission must then attempt to eliminate the unlawful employment practice "by informal methods of conference, conciliation, and persuasion. Nothing said or done during . . . such informal endeavors may be made public . . . in a subsequent proceeding." *Id.* Under Section 706(f)(1), 42 U.S.C. § 2000e-5(f)(1), if "the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action."

### B.  The APA Limits Judicial Review of Agency Actions

It is clear what procedures the Commission is required to follow under Title VII prior to filing suit, but not all actions (or failures to act) by the Commission (like other federal agencies) are subject to judicial review. Indeed, the APA, 5 U.S.C. §§ 701-08, severely limits the types of agency

actions that are subject to judicial review.  Under the APA only "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in court are subject to judicial review."  5 U.S.C. § 704.  Moreover, the APA explicitly prohibits judicial review of "agency action committed to agency discretion by law."  5 U.S.C. §701(a)(2).

In *Caterpillar*, the Seventh Circuit granted interlocutory appeal to determine the reviewability of EEOC's pre-suit administrative reasonable cause finding.  The court addressed the following question certified by the District Court judge:

> In determining whether the claims in an EEOC complaint are within the scope of the discrimination allegedly discovered during the EEOC's investigation, must the court accept the EEOC's Administrative Determination concerning the alleged discrimination discovered during its investigation, or instead, may the court itself review the scope of the investigation?

409 F.3d at 832.  The Seventh Circuit's answer was that the District Court must accept the scope described in EEOC's Administrative Determination and *may not itself review the scope of the EEOC's underlying investigation*.  *Id.* at 833.

In support of its conclusion, the Seventh Circuit in *Caterpillar* relied exclusively on cases decided under the APA:  *FTC v. Standard Oil Co. of California,* 449 U.S. 242, 243 (1980); *Borg-Warner Protective Servs. Corp. v. EEOC,* 245 F.3d 831, 836 (D.C. Cir. 2001) and *Stewart v. EEOC*, 611 F.2d 679, 683 (7th Cir. 1979).  The Seventh Circuit is not the only court to conclude that reasonable cause determinations are not subject to judicial review under the APA.  *See Am. Tel. and Tel. v. EEOC,*  270 F.3d 973, 976, (D.C. Cir. 2001); *Georator Corp. v. EEOC,* 592 F.2d 765, 767 (4th Cir. 1979)(EEOC determination of reasonable cause is not "final agency action" because "standing alone it is lifeless and can fix no obligation nor impose any liability on the plaintiff.")  There is no reason to doubt that the Seventh Circuit would also rely on the APA in analyzing whether EEOC's conciliations are subject to court review and reach the same conclusion—that they are not subject to judicial review.

### 1.    Commission Conciliations Are Not "Final Agency Actions" and Therefore Are Not Subject to Judicial Review Under the APA

To constitute a "final agency action" under the APA, the agency action must satisfy two conditions: "First, the action must mark the 'consummation' of the agency's decisionmaking process, (citation omitted) it must not be of a merely tentative or interlocutory nature.  And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.' (citation omitted)."  *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997).  The Supreme Court has made clear that neither an agency's determination that conditions precedent to its filing suit have been satisfied nor an agency's initiation of enforcement proceedings is "final agency action" subject to judicial review.  *Standard Oil*, 449 U.S. at 241-42, n. 13 ("[T]he averment of reason to believe is a prerequisite to a definitive agency position on the question whether Socal violated the Act, but itself is a determination only that adjudicatory proceedings will commence."); *Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 905 (7th Cir. 2012)("[R]eview is limited to the agency's final decision.  Issuing a complaint is not reviewable even though it portends a multi-year adjudicative process that may cost millions to resolve.").  *See also Herman v. Excel*, 37 F. Supp. 2d 1117, 1120-21 (C.D. Ill. 1999) (holding that the Secretary of Labor's decision to sue the defendant was not final agency action).

Like the complaint the FTC issued in *Standard Oil*, EEOC complaints in federal court merely initiate proceedings and have no legal or practical effect on the respondent, except to impose the burden of responding to the allegations.  The burden of litigation, however, is not sufficient to make the action final agency action for APA purposes.  "Although this burden certainly is substantial, it is different in kind and legal effect from the burdens attending what heretofore has been considered to be final agency action." *Standard Oil*, 449 U.S. at 242.

At least one court has already recognized that "the failure of conciliation was not final" for the same reasons that a reasonable cause determination does not constitute "final agency action."

*See Circuit City v. EEOC*, 75 F. Supp. 2d 491, 509 (E.D. Va. 1999).  While the position that EEOC's notice of failure of conciliation is not "final agency action," subject to court review has rarely been addressed, this is likely because EEOC has rarely made this argument.   The unambiguous statutory language of the APA and its application under Title VII should not be ignored merely because this argument is new or unusual.

### 2.   Commission Conciliations Are Not Intended for Judicial Review as Title VII Commits Them to Commission Discretion

Even if EEOC's determination regarding conciliation were determined to constitute "final agency action," or EEOC's filing of suit was understood as a final agency action that made reviewable prior preliminary actions under Section 704 of the APA, EEOC's determination regarding conciliation is nevertheless beyond court review because it is "committed to agency discretion by law." 5 U.S.C. § 701(a)(2).  Three provisions of Title VII make clear that the conciliation process is committed to agency discretion and not intended for judicial review.

First, Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) establishes that the purpose of conciliation is "*a conciliation agreement acceptable to the Commission*," and permits the Commission to bring a civil action  in the absence of such an agreement.  (Emphasis added).  And second, conciliation is also described by the statute as a process using "informal methods of conference, conciliation and persuasion."  42 U.S.C. § 2000e-5(b).  Title VII contains no other guidance about what is necessary to satisfy the conciliation process.

The Supreme Court has held that where a statutory provision lacks a meaningful standard against which to judge the agency's exercise of discretion, the agency's actions are not subject to judicial review.  *See Heckler v. Chaney*, 470 U.S. 821, 830 (1985).  When the Supreme Court examined Section 102(c) of the National Security Act, which allows termination of an agency employee whenever the Director "shall deem such termination necessary or advisable," the Court held that because the provision uses the phrase 'deem necessary' as opposed to 'is necessary,' it "fairly exudes

deference to the Director, and appears to us to foreclose the application of any meaningful judicial standard of review and . . . thus strongly suggests that its implementation was 'committed to agency discretion by law.'" *Webster v. Doe*, 486 U.S. 592 (1988). Like the statutory provision at issue in *Webster*, both the language of Section 706(f)(1) of Title VII ("conciliation agreement acceptable to the Commission") and the language of Section 706(b) of Title VII ("informal methods of conference, conciliation, and persuasion") do not allow for a meaningful standard against which to judge the EEOC's exercise of discretion during conciliation.

Third, Section 706 of Title VII itself makes conciliation a confidential proceeding that is not to be used in a subsequent proceeding, again committing conciliation to the agency's discretion. The statute provides, in part, "Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned." 42 U.S.C. § 2000e-5(b). And the statute provides for criminal penalties if information is made public in violation of it. *Id.*

At least three courts have found that without the consent of the Charging Party, defendants could not discover documents and facts from conciliation in subsequent litigation even when the requesting party was also a party to the conciliation. *EEOC v. Scrub, Inc.,* No. 09 C 4228, 2010 WL 2136807, at *6 (N.D. Ill. May 25, 2010) (court notes that charging party has not consented to disclosure and rules EEOC need not disclose communications or proposals made during conciliation); *EEOC v. Hotspur Resorts Nevada, Ltd.,* No. 2:10–cv–02265, 2012 WL 2415541, at *5 (D. Nev. June 26, 2012) (court sustains EEOC objection to production of conciliation notes where the charging parties had not consented to disclosure); *EEOC v. Olsten Staffing,* 627 F. Supp. 2d 972, 975-976 (W.D. Wis. 2009) (denying discovery regarding conciliation materials in the underlying Charge because neither the charging party the EEOC had consented in writing to their use in subsequent proceedings.)

9

The bar on use of things "said or done" in conciliation is unyielding; so much so that the Fifth Circuit has even upheld the dismissal of an action by EEOC to enforce an oral conciliation agreement as it would necessarily require an examination of things said and done in conciliation in a subsequent proceeding without the written consent of a concerned person. *EEOC v. Philip Services Corp.,* 635 F.3d 164 (5th Cir. 2011); *see also Olitisky v. Spenser Gift, Inc.,* 842 F.2d 123,126-27 (5th Cir. 1988) (*sua sponte* reversing judgment in favor of the plaintiff because the plaintiff had been allowed to introduce into evidence a statement obtained by EEOC during the EEOC's conciliation efforts). Judicial consideration of Mach's "failure to conciliate" affirmative defense requires disclosure in a subsequent proceeding of what was said or done during conciliation, and that is in direct contravention of the statute.

Taken as whole, these provisions of Title VII compel the conclusion that Congress designed Title VII to leave conciliation to the agency's discretion and did not want courts to review those confidential efforts.  Just as the Federal Rules of Civil Procedure make settlement discussions confidential, shielding conciliation from subsequent judicial review appears deliberately designed to promote settlement.  *Branch v. Phillips Petroleum Co. v. EEOC* 638 F.2d 873, 880-81 (5th Cir. 1981) ("[D]isclosure of conciliation materials, even to the parties, would discourage negotiated settlement and frustrate the intention of Congress.").  And Congress left the courts to decide the merits of any claim where conciliation proves unsuccessful.

The Commission, however, does not underestimate nor dispute the importance Congress placed on conciliation.  *Id.*[1]  But the mere fact that Congress placed great importance on conciliation

---

[1]   Indeed, the Commission views conciliation as an important tool for enforcement.  In fiscal year 2011, the year in which attempts were made to conciliate this case, EEOC resolved 1,351 cases through conciliation, approximately 45% of all the cases in which the Commission found cause.  Fiscal year 2011 was a typical year for the Commission in that it recovered much more money for victims of discrimination through its administrative process than through litigation – approximately $364,700,000 administratively, $91,000,000 through litigation efforts.  EEOC makes statistics regarding it enforcement efforts publicly available on its web site: www.eeoc.gov.  The relevant tables are attached as Exhibit G.

does not mean that it intended to have courts review the process.  While the court can review whether EEOC offered conciliation by reviewing EEOC's Letter of Determination and Notice of Failure of Conciliation, more searching review of the conciliation process flies in the face of Title VII's statutory language.

### C.   Title VII's Statutory Requirement of Conciliation as a Precursor to Suit Does Not Open Conciliation to Judicial Review

Because Title VII includes "conciliation" as a requirement prior to suit, conciliation has been described as a "condition precedent" to litigation by the Commission.  *EEOC v. Service Temps, Inc.,* 679 F.3d 323, 332 (5th Cir. 2012).  But the fact that conciliation is a statutory condition precedent does not transform conciliation into a reviewable agency action once the agency files a case against an employer. *Caterpillar* recognized that a reasonable cause determination is a prerequisite to suit under Title VII but held that "probable cause to sue is generally and in this instance not judicially reviewable."  *Caterpillar*, 409 F.3d at 833.  *Caterpillar* thus holds that the mere fact that an agency action is a prerequisite to suit under Title VII *does not* make the agency action judicially reviewable. And *Caterpillar*'s analysis illustrates that, while Title VII sets out the required pre-suit administrative process (including conducting an investigation and issuing a reasonable cause determination), the APA provides guidance as to reviewability of those required pre-suit administrative actions.

The APA's limitations on judicial review typically come up when a private party challenging agency action files suit against the agency and relies on the APA as the basis for judicial review.  This case – like *Caterpillar*—is different, however.  Here an agency (EEOC) has filed suit against a private party, and the private party (Mach) has raised an affirmative defense (failure to conciliate) that cites only Title VII (not the APA) to claim that EEOC overstepped its authority.  But *Caterpillar* makes clear that the APA's limitations on judicial review of agency action work in conjunction with Title

VII.  Title VII sets forth the pre-suit administrative process that EEOC must follow, and the APA informs the court regarding the scope of review.

Neither the APA nor Title VII provides for judicial review of conciliation – and the filing of suit by EEOC does not make reviewable what otherwise could not be reviewed.  The failure of conciliation is not a final agency action, and Title VII commits conciliation to agency discretion by establishing that conciliation is:  i) "informal;" ii) "confidential;" and iii) intended to result in an agreement "acceptable to the Commission."  Describing conciliation as a condition precedent to suit does not change any of this statutory structure.

### D.     The Scope of EEOC's Investigation and Reasonable Cause Determination Are Not Reviewable

While Mach casts its affirmative defense as a challenge to EEOC's conciliation efforts, Mach in fact is seeking an extensive review of not only EEOC's conciliation efforts, but its investigation and reasonable cause finding as well.  *See* Exhibit E, Defendant's Response to EEOC's First Set of Interrogatories, Objections to Interrogatories 3-4, 6-7, 9-11, 14-15; Exhibit D, Notice of Deposition of EEOC.  To evaluate Mach's contention that EEOC failed to investigate the claims of any victims other than Petkas, the Court would have to review the entire scope of EEOC's investigation.  But *Caterpillar,* 409 F.3d 831, expressly forbids a court from engaging in this type of review.[2]

Caterpillar argued that the court had to review EEOC's investigation to determine the proper scope of the lawsuit.  It claimed that EEOC's investigation was limited to one harasser and that EEOC's complaint alleging a pattern or practice was beyond the scope of the investigation.  *See* Def.'s Motion for Certification of Issues for Appeal and Stay of Class-Based Discovery at pp. 7-9, 12, *EEOC v. Caterpillar Inc.*, Civil Action No. 03 C5636 (N.D. Ill. Nov. 15, 2004) (attached as Exhibit H).  The Seventh Circuit rejected these arguments, holding that "[i]f courts may not limit a suit by

the EEOC to claims made in the administrative charge, they likewise have no business limiting the suit to claims that the court finds to be supported by the evidence obtained in the Commission's investigation." *Caterpillar*, 409 F.3d at 833.

Mach's contention that this Court can review EEOC's investigation to determine which victims' claims EEOC investigated and should be included in this suit violates the holding of *Caterpillar*. The language of the LOD at issue in *Caterpillar*, finding "reasonable cause to believe that Caterpillar discriminated against [the Charging Party] and a class of female employees, based on their sex," *id.* at 832, is similar to the language of the LOD here, where EEOC found that Mach "discriminated against Charging Party and a class of female applicants, because of their sex, in that Respondent failed to recruit and hire them, in violation of Title VII." Exhibit B. After the Seventh Circuit's decision in *Caterpillar*, EEOC brought claims on behalf of all women sexually harassed at the facility where the charging party worked, not just those victims identified during the investigation or harassed by the same perpetrator who harassed the charging party.

Likewise, the EEOC here should be allowed to include as a claimant any woman Mach discriminatorily failed to hire, including those identified during discovery. *See EEOC v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 968 (7th Cir. 1996) (acknowledging "EEOC's ability to challenge discrimination affecting unidentified members of a known class"); *EEOC v. UPS*, 94 F.3d 314, 318 (7th Cir. 1996) (recognizing EEOC's authority "to bring an action on behalf of a class of unidentified individuals"). *Caterpillar* precludes the Court from examining the scope of EEOC's investigation to limit EEOC's claim, encompassed in the reasonable cause determination, that Mach discriminated against a class of female applicants.

---

[2] EEOC has evidence to show that the agency both investigated and conciliated this case on a class basis. EEOC objects to such review and is not providing such evidence now but does not waive its right to do so if EEOC's position is rejected.

E.   **Judicial Review of Conciliation Would Hamper the Agency's Process and Interfere with the Agency's Ability to Serve the Public Interest**

Mach's "failure to conciliate" affirmative defense and its attempt to involve this Court in the agency's pre-litigation administrative investigation asks this Court to create a standard for what EEOC must do in its investigation and conciliation efforts, right down to dictating whom EEOC must locate during its investigation (all possible victims) and the particular claims EEOC must conciliate (the specific allegations of each individual victim). To satisfy this level of scrutiny of its investigations and conciliations, EEOC would have to engage in nothing less than full-scale discovery before the agency could file suit. Not only does this level of review run completely afoul of the APA and Title VII, it substitutes the judgment of the courts for the judgment of the agency as to how the agency should allocate its resources during its pre-litigation administrative process, a result that effectively would make the court—and not the agency—responsible for determining EEOC's administrative priorities.

1.   **Past Review of the Content of EEOC's Conciliations is Inconsistent with EEOC's Congressionally Assigned Role**

EEOC is certainly aware that some courts have reviewed EEOC's conciliations to determine whether EEOC engaged in good faith efforts to conciliate. While EEOC does not dispute that it should carry out its statutory obligations, including conciliation, in good faith, that does not mean that courts are empowered to review whether EEOC has done so. Just as EEOC has a duty to conciliate in good faith, it presumably also has a duty to investigate and issue reasonable cause determinations in good faith. But it is well-established that courts cannot review EEOC's cause determinations to review whether they were issued with good faith.

Nor does EEOC dispute that a court can review whether EEOC offered a respondent the opportunity to conciliate the unlawful employment practices at issue. *EEOC v. Sherwood Med. Indus., Inc.*, 452 F. Supp. 678 (M.D. Fla. 1978) (dismissing EEOC sex discrimination claim where claim was

not included in reasonable cause determination and EEOC did not offer opportunity conciliate claim); *EEOC v. Westcavo*, 372 F.Supp. 985 (D. Md. 1974) (dismissing claims for which there was no reasonable cause determination or attempt to conciliate, but noting that "the language [of Title VII] requires only that the EEOC provide the opportunity for conciliation").  But, consistent with *Caterpillar*, this review is limited to examining the LOD, which invites the respondent to conciliate and identifies the unlawful employment practices that will necessarily be the subject of the conciliation, and the Notice of Failure of Conciliation, which documents EEOC's determination that any further conciliation efforts will be futile in obtaining an agreement acceptable to EEOC.

Courts that have reviewed the adequacy of EEOC's conciliation efforts have merely assumed they can do so—without citing any statutory basis for such review.   For example, in *EEOC v. Griffin Wheel*, 360 F. Supp. 424, 426 (N.D. Ala. 1973), one of the earliest cases to review EEOC's obligation to conciliate in good faith, the court stated, without citation, that in enacting the 1972 amendments to Title VII, Congress emphasized the duty of the Commission to make a good faith effort to secure voluntary compliance with the statute.  *Id.*  The court then asserted without explanation that it could examine whether EEOC engaged in a good faith effort to conciliate.  *Id.*

*EEOC v. Zia*, 582 F.2d 527 (10th Cir. 1978), one of the first circuit court cases to address EEOC's conciliation obligations, held that EEOC is required to conciliate in good faith.  *Zia* relied on a statement from the Conference report to the House of Representatives' version of the 1972 amendments to Title VII:   "The conferees contemplate that the Commission will continue to make every effort to conciliate as is required by existing law.  Only if conciliation proves to be impossible do we expect the Commission to bring action in federal district court to seek enforcement."  *Id.* at 533 (quoting 118 Cong.Rec. H1861 (Mar. 18, 1972)).  The *Zia* court recognized that it should not examine the details of the parties' offers and counteroffers in conciliation.  *Id.* at 533.  Nonetheless, the court held that EEOC failed to conciliate in good faith because in its view, EEOC should have

provided the respondent with more time before it terminated conciliation.  *Id.* at 534.  *Zia* does not

explain the basis for its position that it can review whether EEOC acted in good faith and such

specific details as the length and timing EEOC's conciliation efforts.  *Id.*

While *Zia* and other courts have cited a statement from the House conference report

expressing the conferees' view that EEOC should attempt conciliation until it proves impossible, it

does not follow from this language that Congress intended courts to substitute their judgment for

EEOC's as to whether it was possible to secure an agreement acceptable to EEOC.  Indeed, other

legislative history suggests the contrary.   "An effort by the Senate in 1972 to require judicial review

of the Commission's determinations of 'acceptable' agreements was soundly rejected. 118 Cong.Rec.

3807 (Feb. 14, 1972). Such an examination of the conciliation process was deemed unworkable. Id.

at 3807."  *EEOC v. Mitsubishi Motor Mfg. of Am., Inc.*, 990 F. Supp. 1059 (C.D. Ill. 1998); *EEOC v.

Sears, Roebuck & Co.*, 504 F. Supp. 241, 262 (N.D. Ill 1980).  Moreover, Congress highlighted the

informal nature of conciliation by amending the statute to provide that "Nothing said or done as

part of such informal endeavors shall be made public."  42 U.S.C. § 2000e-5(b).  Previously, this

provision did not include the word informal and said, "nothing said or done as part of such

endeavors...."  Title VII of Civil Rights Act of 1964, Pub. Law No. 88-352, § 706(a) 78 Stat. 259

(1964) (prior to 1972 amendments).  Congress's decision to amend the statute to reiterate the

informality of conciliation suggests that conciliation is not a process intended for judicial review.

While judicial review of EEOC's conciliations is not grounded in any statutory language,

EEOC historically did not challenge this type of review in the Seventh Circuit because courts in this

circuit typically followed *EEOC v. Keco Indus.*, 748 F.2d 1097 (6th Cir. 1984) and employed a

deferential standard of review of EEOC's conciliation efforts.  *See e.g., EEOC v. General Motors Corp.*,

826 F.Supp. 1122 (N.D.Ill. 1993).   EEOC's conciliation efforts were not frequently challenged in

the Seventh Circuit and even when they were, did not lead to dismissal of EEOC's case.  The

decisions in *EEOC v. CRST* changed this landscape and has led to employers more frequently and vigorously challenging EEOC's conciliation efforts, particularly in cases where EEOC seeks relief for a group of victims, such that discovery and motion practice regarding conciliation have overtaken the litigation of these cases and overshadowed the underlying discrimination claims.  The increased efforts to micro-manage EEOC's conciliation process has caused the office to reexamine the basis for judicial review of conciliation and conclude, consistent with *Caterpillar*, that judicial review is not authorized based on the language of Title VII itself or the APA.

### 2.        Title VII Does Not Require EEOC to Identify and Individually Conciliate on Behalf of Every Potential Claimant

Just as Title VII contains no standard of review for the content of conciliation, nothing in Title VII suggests that EEOC must put itself in the shoes of each potential claimant during conciliation.  Quite the contrary.  Without a single mention of individual claimants, Title VII requires that EEOC "endeavor to eliminate any such alleged unlawful *employment practice* by informal methods of conference, conciliation, and persuasion."  42 U.S.C. § 2000e-5(b) (emphasis added).

A long line of Supreme Court cases recognizes that EEOC's claim is distinct from that of its claimants.  The Supreme Court held in *General Telephone of the Northwest v. EEOC*, 446 U.S. 318, 331 (1980), that "the EEOC is authorized to proceed in a unified action and to obtain the most satisfactory overall relief even though competing interests are involved and particular groups may appear to be disadvantaged."   And in *EEOC v. Waffle House Inc.*, 534 U.S. 279 (2002), the Court validated the scope of *General Telephone*, stating: Title VII "makes the EEOC master of its own case and confers on the agency the authority to evaluate the strength of the public interest at stake." *Id.* at 763 .  "The EEOC does not stand in the employee's shoes."  *Id.* at 766; s*ee also In re Bemis*, 279 F.3d 419, 422 (7th Cir. 2002) ("[T]he EEOC's primary role is that of a law enforcement agency and it is merely a detail that it pays over any monetary relief obtained to the victims of the defendant's violation.").

There is no serious argument an employer like Mach must know (and therefore EEOC must identify) every individual for whom EEOC seeks relief to make a conciliation proposal or evaluate a demand by EEOC.  While Mach and some courts might view such a process as ideal, parties in EEOC litigation regularly resolve cases where all the claimants are not known.  Courts routinely enter consent decrees resolving EEOC cases (as well as even larger Rule 23 class actions) where a gross settlement amount is agreed upon, the class of beneficiaries is described generally, and their individual claims are determined by EEOC in a claims procedure.  *See* Donald Livingston, *EEOC Litigation and Charge Resolution* 805-10 (Charles A. Shanor, et al. eds., 2005).

### 3.     Judicial Review of EEOC's Conciliation Efforts Distracts from Title VII's Purpose of a Judicial Determination of the Merits

Permitting judicial review of the content of EEOC's investigation and conciliations would allow employers, including recalcitrant employers who never intended to conciliate, to delay resolution of the ultimate question of whether they violated Title VII.  The Supreme Court relied on just such a concern to reject an employer's suggestion that courts should review the adequacy of a charge before enforcing an administrative subpoena:  "To construe the notice requirement as respondent suggests would place a potent weapon in the hands of employers who have no interest in complying voluntarily with the Act, who wish instead to delay as long as possible investigations by the EEOC." *EEOC v. Shell Oil*, 466 U.S. 54, 67 (1984).  Judge Shadur expressed the same concern regarding an employer's attempt to litigate EEOC's reasonable cause finding in *EEOC v. Chicago Miniature Lamp Works,* 526 F. Supp. 974, 975 (N.D. Ill. 1981):  "That line of inquiry would deflect the efforts of both the Court and the parties from the main purpose of this litigation: to determine whether [the employer] has actually violated Title VII."

This concern with delay and distraction applies equally to the conciliation context.  As Judge Shadur said, "Acceptance of [the defendant's] theory would  entitle every Title VII defendant to litigate as a preliminary matter whether EEOC had a reasonable basis for its determination . . . .

[This determination] would effectively make every Title VII suit a two-step action:  First parties would litigate the question of whether EEOC had a reasonable basis for its initial finding and only then would the parties proceed to litigate the merits of the action."  *Id.*  Similarly, if conciliation is subject to judicial review, employers could challenge the adequacy of the information that EEOC provided the employer during conciliation, giving recalcitrant employers who never intended to conciliate an incentive to demand more and more information from EEOC to try to set up a failure to conciliate defense, slowing conciliation while the claims grow stale.  Further, as this case has shown, if conciliation is an issue in the litigation, it delays discovery and the resolution of the ultimate question assigned to this court —whether Mach discriminated against female applicants.

### 4.      EEOC's LOD and Notice of Failure of Conciliation Show that the Agency Engaged in the Required Conciliation Prior to Filing Suit

Just as *Caterpillar* determined that review of the agency's Letter of Determination is all that is required to satisfy the agency's reasonable case requirement prior to litigation, review of the agency's Letter of Determination, which invites the Respondent to conciliate and indicates the employment practices that will necessarily be the subject(s) of the conciliation, and review of the agency's Notice of Failure of Conciliation, which documents the Commission's determination that any further conciliation efforts will be futile in obtaining an agreement acceptable to the Commission, are all that is required to establish that the agency satisfied the conciliation condition precedent to bringing suit.  *Caterpillar*, 409 F.3d at 833.  *See also U.S. v. Inter'l Assn of Bridge, Structural and Ornamental Iron Workers,* 438 F.2d 679 (7th Cir. 1971) ("The only issue for the Court, therefore, is whether there has been a violation of the statute and not whether [the agency] had reasonable cause to believe there was a violation. . . . A sufficient complaint . . . will clearly demonstrate the basis of the [agency's] reasonable cause to believe.")  Examination of these documents here shows that EEOC met its conciliation obligation and permits the court to move forward with the merits of EEOC's claim.

**CONCLUSION**

Because the Letter of Determination and Notice of Failure of Conciliation establish that

EEOC offered Mach Mining the opportunity to conciliate EEOC's failure to hire claim on behalf of

the Charging Party and a class of female applicants and that conciliation was unsuccessful, this Court

should grant summary judgment to EEOC now on Mach's "failure to conciliate" affirmative defense

and instruct the parties to proceed with discovery on the merits of EEOC's claim.

Respectfully Submitted,


s/John C. Hendrickson (with consent)          s/Gregory Gochanour (with consent)
John C. Hendrickson                           Gregory Gochanour
Regional Attorney                             Supervisory Trial Attorney

                                              s/ Ethan M. M. Cohen
                                              Ethan M. M. Cohen
                                              Deborah Hamilton
                                              Ann Henry
                                              Trial Attorneys


Ethan M. M. Cohen
ARDC #6206781
United States Equal Employment
        Opportunity Commission
500 W. Madison, #2000
Chicago, IL 60661
(312) 869-8104
ethan.cohen@eeoc.gov

## <u>CERTIFICATE OF SERVICE</u>

I, Ethan Cohen, an attorney, certify that a copy of the foregoing **PLAINTIFF EEOC'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S FAILURE TO CONCILIATE AFFIRMATIVE DEFENSE**, was served on all parties of record through the Court's electronic case management system on July 30, 2012.

Respectfully Submitted,

<u>s/ Ethan M. M. Cohen</u>
Ethan M. M. Cohen
Trial Attorney

Ethan M. M. Cohen
ARDC #6206781
United States Equal Employment
      Opportunity Commission
500 W. Madison, #2000
Chicago, IL 60661
(312) 869-8104
ethan.cohen@eeoc.gov