IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          Plaintiff,

   vs.

MACH MINING, LLC,

        Defendant.

Case No. 11-cv-879-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Equal Employment Opportunity Commission's ("EEOC") (1) motion for summary judgment on defendant Mach Mining, LLC's ("Mach Mining") failure to conciliate affirmative defense (Doc. 32); and (2) motion to strike "Section F" of Mach Mining's memorandum in opposition to the EEOC's motion for partial summary judgment (Doc. 45). For the following reasons, the Court denies the EEOC's motions.

### 1. Facts

The EEOC filed the instant suit on behalf of Brooke Petkas and a class of female applicants who had applied for non-office jobs at Mach Mining. According to the EEOC, Mach Mining "has never hired a single female for a mining-related position," and "did not even have a women's bathroom on its mining premises." Doc. 32, p. 1-2. The complaint alleges that Mach Mining's Johnston City, Illinois, facility engaged in a pattern or practice of unlawful employment practices since at least January 1, 2006. Specifically, those unlawful "practices included, but are not limited to failing or refusing to hire females into mining and related (non-office) positions because of their sex." Doc. 2, p. 2. The EEOC further alleges that Mach Mining "has utilized hiring practices that cause a disparate impact on the basis of sex" through

its practice of "hiring only applicants who are referred by current employees."  Doc. 2, p. 3.  In

its answer, Mach Mining asserted the affirmative defense that the EEOC failed to conciliate in

good faith.  The EEOC, in its instant motion for summary judgment, argues that *EEOC v.*

*Caterpillar, Inc.*, 409 F.3d 831 (7th Cir. 2005) compels this Court to conclude that its

conciliation process is not subject to judicial review.

## 2.  Analysis

Summary judgment is appropriate where "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);  *Spath v. Hayes Wheels*

*Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  With this standard in mind, the Court will

consider the EEOC's argument that it is entitled to judgment as matter of law.

Upon the EEOC's receipt of a charge of discrimination, the EEOC must notice the

employer of the charge, investigate the allegations, and make a determination as to whether there

is "reasonable cause" to believe the allegations took place.  42 U.S.C. § 2000e-5(b).  Thereafter,

> [i]f the [EEOC] determines [] that there is reasonable cause to believe that the
> charge is true, the Commission shall endeavor to eliminate any such alleged
> unlawful employment practice by informal methods of conference, conciliation,
> and persuasion.

42 U.S.C. § 2000e-f(b).  As a prerequisite to filing suit, EEOC must give the employer a chance

to conciliate.  *Id*.; 42 U.S.C. § 2000e-5(f)(1) ("If . . . the [EEOC] has been unable to secure from

the respondent a conciliation agreement acceptable to the [EEOC], the [EEOC] may bring a civil

action . . . .").

"The [EEOC]'s duty to attempt conciliation is one of its most essential functions."

*EEOC v. Radiator Specialty Co,* 610 F.2d 178, 183 (4th Cir. 1979).  Its conciliation attempt must

be made in "good faith."  *EEOC v. First Midwest Bank, N.A*., 14 F. Supp. 2d 1028, 1031 (N.D.

Ill. 1998) (citing *EEOC v. Keco Indus., Inc.*, 748 F.2d 1087, 1102 (6th Cir. 1984); *EEOC v. Zia Co.*, 582 F.2d 527, 533 (10th Cir. 1978)); *see also EEOC v. Dial Corp.*, 156 F. Supp. 2d 926, 939 (N.D. Ill 2001). However, "[t]he judiciary's role in reviewing the conciliation process is limited, as the 'form and substance of the EEOC's conciliation proposals are within the agency's discretion and, therefore, immune from judicial second-guessing." *See First Midwest Bank, N.A.,* 14 F. Supp. 2d at 1031. (citing *Keco Indus., Inc.*, 748 F.2d at 1102; *EEOC v. Acorn Niles Corp.*, No. 93-cv-5981, 1995 WL 519976, at *6 (N.D. Ill. Aug. 30, 1995)).

Currently, there is a circuit split as to the scope of inquiry a court may make into the EEOC's statutory conciliation obligation. *See, e.g., EEOC v. St. Alexius Med. Ctr.*, 12-C-7646, 2012 WL 6590625, at *1 (N.D. Ill. Dec. 18, 2012); *EEOC v. United Rd. Towing, Inc.*, No. 10-C-6259, 2012 WL 1830099, at *4 (N.D. Ill. May 11, 2012); *EEOC v. McGee Bros.*, No. 10-cv-142, 2011 WL 1542148, at *4 (W.D.N.C. Apr. 21, 2011). Some circuits employee a "deferential standard" and others use a "heightened scrutiny standard." *United Rd. Towing, Inc.*, 2012 WL 1830099, at *4 (citing *EEOC v. McGee Bros.*, No. 10-cv-142, 2011 WL 1542148, at *4 (W.D.N.C. Apr. 21, 2011)). The Sixth Circuit, for example, employs a deferential standard, holding that

> the district court should only determine whether the EEOC made an attempt at conciliation. The form and substance of those conciliations is within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review.

*EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1102 (6th Cir. 1984); *accord EEOC v. Radiator Specialty Co.*, 610 F.2d 178, 183 (4th Cir. 1979) (finding "the law . . . requires no more than a good faith attempt at conciliation" and determining that the EEOC had provided such a good faith attempt after examining the various conciliation attempts); *EEOC v. Zia Co.*, 582 F.2d 527,

533 (10th Cir. 1978) ("a court should not examine the details of the offers and counteroffers between the parties, nor impose its notions of what the agreement should provide").

Other circuits, however, demand courts engage in a more strenuous review of the conciliation process. *EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256 (11th Cir. 2003). For instance, in order to satisfy the conciliation requirement in the Fifth and Eleventh Circuits

> [t]he EEOC must (1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer. . . . "[T]he fundamental question is the reasonableness and responsiveness of the EEOC's conduct under all the circumstances."

*Id.* (quoting *EEOC v. Klingler Elec. Corp.*, 636 F.2d 104, 107 (5th Cir. 1981)). Accordingly, even though the circuits are split on the proper scope of a conciliation review, the courts that have weighed in on the matter agree that conciliation is subject to at least *some* level of review.

The Seventh Circuit has yet to weigh in on this circuit split. *See EEOC v. St. Alexius Med. Ctr.,* No. 12-cv-7646, 2012 WL 6590625, at *1 (N.D. Ill. Dec. 18, 2012). However, district courts within the Seventh Circuit, like all other courts to have considered the issue, have concluded that the EEOC's conciliation process is subject to at least *some* level of review. *See, e.g., EEOC v. Menard, Inc.*, 08-cv-0655-DRH, 2009 WL 1708628, at *1 (S.D. Ill. June 17, 2009) (EEOC need only "make[] a sincere and reasonable effort to negotiate"); *EEOC v. Jillian's of Indianapolis, IN, Inc.*, 279 F. Supp. 2d 974, 984-85 (S. D. Ind. 2003); *EEOC v. Dial Corp.*, 156 F. Supp. 2d 926, 941-42 (N.D. Ill. 2001) (after considering the events of the conciliation process the court held it was "persuaded that the EEOC did, indeed, attempt to conciliate" because "[b]oth parties had the opportunity to put their respective proposals on the table before the EEOC determined that conciliation would be futile."); *EEOC v. First Midwest Bank, N.A.*, 14 F. Supp. 2d 1028, 1031 (N.D. Ill. 1998) (noting that "[i]f a district court finds improper conciliation

efforts were made, the appropriate remedy is not dismissal, but a stay of the proceedings so that conciliation between the parties may take place" and going on to examine the conciliation process). Specifically, this Court expressed its opinion that the EEOC's conciliation process is subject to review. *EEOC v. Crownline Boats, Inc.*, 04-cv-4244-JPG, 2005 WL 1618809, at *2-4 (S.D. Ill. July 5, 2005) ("Even though conciliation is not a jurisdictional prerequisite, the defendant may still attack the sufficiency of the EEOC's conciliation as an affirmative defense to the EEOC's claim.").

In *Caterpillar*, the Seventh Circuit held that the existence of probable cause is not a justiciable issue in a suit brought by the EEOC. *EEOC v. Caterpillar*, 409 F.3d 831, 833 (7th Cir. 2005). Specifically, the EEOC's notice to Caterpillar stated it had "reasonable cause to believe that Caterpillar discriminated against [the claimant] and a class of female employees." *Id*. at 831-32. The EEOC's suit alleged that Caterpillar had engaged in plant-wide discrimination. Caterpillar argued that the plant-wide allegation was unrelated to the original charge and moved for summary judgment. *Id*. at 832. The court denied the motion but certified the following question for interlocutory appeal:

> In determining whether the claims in an EEOC complaint are within the scope of the discrimination allegedly discovered during the EEOC's investigation, must the court accept the EEOC's Administrative Determination concerning the alleged discrimination discovered during its investigation, or instead, may the court itself review the scope of the investigation?

*Id*. The Seventh Circuit answered that question in the negative, specifically stating as follows:

> If courts may not limit a suit by the EEOC to claims made in the administrative charge, they likewise have no business limiting the suit to claims that the court finds to be supported by the evidence obtained in the Commission's investigation. The existence of probable cause to sue is generally and in this instance not judicially reviewable.

*Id*. at 833.

Here, the EEOC fails to argue that its conciliation efforts would satisfy either the

"deferential standard" or the "heightened scrutiny standard."  Rather, the EEOC argues that the

*Caterpillar* decision compels this Court to conclude that its conciliation process is not subject to

any level of judicial review because conciliation, like a probable cause determination, is a

prerequisite to filing suit.[1]  *See* 42 U.S.C. § 2000e-f(b).  Considering the same argument from the

EEOC, a court in the Northern District of Illinois concluded that *Caterpillar* compels no such

conclusion.[2]  *EEOC v. St. Alexius Med. Ctr.,* No. 12-cv-7646, 2012 WL 6590625, at *2 (N.D. Ill.

Dec. 18, 2012).  The *St. Alexius* court reasoned that *Caterpillar* only found the probable cause

determination not subject to judicial review and did not address the conciliation process.  *Id.*

That court further reasoned it

> would not read *Caterpillar* as having implicitly disagreed with the consensus,
> adopted by all circuits to have addressed the issue, that the EEOC's presuit
> conciliation efforts are subject  to at least *some* level of judicial review; when the
> Seventh Circuit departs from such a consensus, it does so explicitly.  *See Turley v.
> Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010).  Reading *Caterpillar* in the manner
> urged by the EEOC would be particularly unwise given that the Seventh Circuit
> has cited with approval *Keco Industries* and *Zia*, two of the decisions recognizing
> a court's authority to evaluate the EEOC's conciliation efforts when those efforts
> (or lack thereof) are challenged by a defendant in an EEOC-initiated employment
> discrimination suit.  *See [EEOC v.] Elgin Teachers Ass'n*, 27 F.3d [292,] 294
> [(7th Cir. 1994)].

*Id.* at *2.  The Court finds the *St. Alexius* reasoning persuasive and adopts its reasoning herein.

The Court also notes that at least one other circuit rejects the EEOC's reasoning that

*Caterpillar*'s holding, that the pre-suit reasonable cause determination is non-justiciable, is

---

[1] The Court also notes that the EEOC makes an argument that the Administrative Procedures Act ("APA") is relevant to the Court's decision.  The EEOC cites no authority that directly supports this proposition.  Further, this is an action brought directly by the EEOC, not a person aggrieved by an agency action.  *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of an agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.").

[2] While *St. Alexius* considered an American with Disabilities Act ("ADA") case, as that Court noted, the ADA incorporated the provisions of Title VII "regarding the procedures the EEOC must follow in handling administrative charges and in filing suits against employers on behalf of claimants."  *St. Alexius*, 2012 WL 6590625, at *1 (citing 42 U.S.C. § 2177(a)).

inconsistent with a holding that the conciliation process is justiciable.  The Fourth Circuit, like

*Caterpillar*, has held that Title VII does not provide for review of the EEOC's reasonable cause

determination.  *Caterpillar*, 409 F.3d at 832 (citing *Georator Corp. v. EEOC*, 592 F.2d 765, 767

(4th Cir. 1979)).  That same circuit also employs a deferential standard in reviewing the EEOC's

conciliation process.  *See EEOC v. Radiator Specialty Co.*, 610 F.2d 178, 183 (4th Cir. 1979)

(finding "the law . . . requires no more than a good faith attempt at conciliation" and determining

that the EEOC had provided such a good faith attempt after examining the attempts at

conciliation).

   For these reasons, the Court concludes that *Caterpillar* does not preclude at least some

level of judicial review of the EEOC's conciliation process.  Thus, the Court denies the EEOC's

motion for summary judgment.  Of course, this ruling does not preclude the EEOC from filing a

motion for summary judgment arguing that it did conciliate in good faith.

   Finally, the EEOC filed a motion to strike a section of Mach Mining's response to the

EEOC's motion for summary judgment that contained references to the conciliation process.

The EEOC argues Mach Mining's reference to the conciliation process violates the portion of 42

U.S.C. § 2000e-5(b) that states "[n]othing said or done during and as a part of such informal

endeavors may be made public by the Commission, its officers or employees, or used as

evidence in a subsequent proceeding without the written consent of the persons concerned."

However, because the Court has found that the EEOC's conciliation process is subject to at least

some level of review and that review would involve at least a cursory review of the parties'

conciliation, the Court denies the EEOC's motion.

   The Court notes, however, that the inquiry into the conciliation process does not require

every detail of the conciliation process, as the Court need only determine whether the EEOC

made "a sincere and reasonable effort to negotiate." *EEOC v. Menard, Inc.*, 08-cv-0655-DRH, 2009 WL 1708628, at *1 (S.D. Ill. June 17, 2009); *see EEOC v. Zia Co.*, 582 F.2d 527, 533 (10th Cir. 1978) ("a court should not examine the details of the offers and counteroffers between the parties, nor impose its notions of what the agreement should provide");  *see also EEOC v. Hibbing Taconite Co.*, 266 F.R.D. 260, 273 (D. Minn. 2009) ("While the substance and details of any settlement offers, or discussions, are not discoverable, the actions and efforts, that are undertaken by the EEOC to conciliate the matter are discoverable information, and are subject to the Court's review.)

**3.  Conclusion**

Thus, the Court finds that the EEOC is not entitled to judgment as a matter of law on Mach Mining's affirmative defense that the EEOC failed to conciliate in good faith and **DENIES** the EEOC's motion for summary judgment (Doc. 32).  The Court further **DENIES** the EEOC's motion to strike Section F of Mach Mining's response (Doc. 45).

**IT IS SO ORDERED.**

**DATED:**  January 28, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
