IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>    vs.<br><br>MACH MINING, LLC,<br><br>            Defendant. | Case No. 11-cv-879-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Equal Employment Opportunity Commission's ("the EEOC") motion (Doc. 59) to reconsider or to certify for appeal pursuant to 28 U.S.C. § 1292(b) this Court's order (Doc. 55) denying the EEOC's motion for partial summary judgment. Defendant Mach Mining, LLC ("Mach Mining") filed a response (Doc. 66) to which the EEOC replied (Doc. 72). The Court heard oral argument on this matter on May 16, 2013. For the following reasons, the Court denies the motion to reconsider and grants the motion to certify this Court's January 28, 2013, order (Doc. 55) for appeal.

1. **Facts**

The EEOC filed the instant suit on behalf of Brooke Petkas and a class of female applicants who had applied for non-office jobs at Mach Mining. According to the EEOC, Mach Mining "has never hired a single female for a mining-related position," and "did not even have a women's bathroom on its mining premises." Doc. 32, p. 1-2. The complaint alleges that Mach Mining's Johnston City, Illinois, facility engaged in a pattern or practice of unlawful employment practices since at least January 1, 2006. Specifically, those unlawful "practices included, but are not limited to failing or refusing to hire females into mining and related (non-

office) positions because of their sex." Doc. 2, p. 2. The EEOC further alleges that Mach Mining "has utilized hiring practices that cause a disparate impact on the basis of sex" through its practice of "hiring only applicants who are referred by current employees." Doc. 2, p. 3.

In its answer, Mach Mining asserted the affirmative defense that the EEOC failed to conciliate in good faith. The EEOC then filed a motion for partial summary judgment arguing that conciliation is beyond the scope of judicial review. This Court denied the EEOC's motion finding that the EEOC's conciliation efforts were subject to at least *some* level of review (Doc. 55). The EEOC now asks the Court to reconsider its order denying the EEOC's motion for partial summary judgment. In the alternative, the EEOC asks this Court to certify the following question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b): "whether, under Title VII or the [Administrative Procedure Act] ("APA"), courts may review EEOC's informal efforts to secure a conciliation agreement acceptable to the Commission before filing suit."

## 2. Motion to Reconsider

The EEOC argues reconsideration is appropriate because the Court committed manifest errors of law when it failed to (1) construe the APA to preclude judicial review of conciliation; and (2) strike Mach Mining's brief that referred to conciliation. "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case

doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). The Court will now consider whether it committed a manifest error of law requiring the reversal of its order denying the EEOC's motion for partial summary judgment.

### a. APA Applicability

In a footnote in its order denying the EEOC's motion for partial summary judgment, the Court noted the EEOC did not provide caselaw supporting its argument that the APA precludes judicial review of its statutory conciliation requirement. The EEOC, in its motion to reconsider, now backs up its argument with caselaw referencing the APA. Specifically, the EEOC cites to *Standard Oil*, *AT&T*, *Caterpillar*, and *Elgin*. In *Standard Oil*, the Supreme Court found that the Federal Trade Commission's issuance of a complaint, including its reasons to believe the defendant was in violation of the Federal Trade Commission Act, was not judicially reviewable. *FTC v. Standard Oil Co. of California*, 449 U.S. 232, 243 (1980). In *AT&T*, the D.C. Circuit held that the EEOC's letters of determination did not constitute final agency action that was reviewable by the court. *AT&T Co. v. EEOC*, 270 F.3d 973, 976-77 (D.C. Cir. 2001). In *Caterpillar*, a case on which the EEOC heavily relies, the Seventh Circuit held that "[t]he existence of probable cause to sue is generally and in this instance not judicially reviewable." *EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 833 (7th Cir. 2005). In sum, *Standard Oil*, *AT&T*, and *Caterpillar* do not take a position on conciliation, and do not persuade the Court that conciliation is beyond judicial review.

In *Elgin Teachers Association*, the only case cited by the EEOC that considers conciliation, the EEOC found the Elgin school district's collective bargaining agreement objectionable.  *EEOC v. Elgin Teachers Ass'n*, 27 F.3d 292, 293 (7th Cir. 1994).  Even though the school district changed the objectionable portions of the agreement, the EEOC filed suit seeking damages.  *Id*.  The Seventh Circuit rejected the defendant's argument that the EEOC lacked the right to bring suit.  *Id*. at 294.  Specifically, "[a]lthough the EEOC must pursue conciliation, 42 U.S.C. § 2000e-5(b); *EEOC v. Zia Co.*, 582 F.2d 527 (10th Cir. 1978), it failed to get all of what it wanted in bargaining."  *Id*.  Accordingly, rather than find conciliation was unreviewable, the Seventh Circuit merely found that the EEOC could pursue its suit because it did not receive all of what it bargained for in conciliation.  *Id*.

Interestingly, *Elgin Teachers Association* provides support for a court's authority to inquire into the EEOC's conciliation process.  First, the opinion specifically says the EEOC *must* pursue conciliation.  *Id*. at 294.  Without court review this statutory command is meaningless.  Further, the Seventh Circuit cites to *Zia* with approval.  *Id*.  In *Zia*, the Tenth Circuit specifically recognized a court's authority to review conciliation when it held that "the EEOC is required to act in good faith in its conciliation efforts."  *EEOC v. Zia Co.*, 582 F.2d 527, 533 (10th Cir. 1978).  However, "a court should not examine the details of the offers and counteroffers between the parties, nor impose its notions of what the agreement should provide . . . ."  *Id*.  Accordingly, the Seventh Circuit's cite of approval to *Zia* in the context of conciliation leads this Court to believe the Seventh Circuit may find the EEOC's conciliation efforts are subject to at least a minimal level of review.

The EEOC has failed to provide any caselaw that supports its extension of the APA to preclude judicial review of conciliation.  To the contrary, the Court's ruling was consistent with

every Circuit to have considered the issue. *See, e.g.*, *EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1259 (11th Cir. 2003) ("the EEOC must (1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer"); *EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1102 (6th Cir. 1984) (the district court should only determine whether the EEOC made an attempt at conciliation); *EEOC v. Radiator Specialty Co.*, 610 F.2d 178, 183 (4th Cir. 1979) (finding "the law . . . requires no more than a good faith attempt at conciliation" and determining that the EEOC had provided such a good faith attempt after examining the various conciliation attempts); *EEOC v. Zia Co.*, 582 F.2d 527, 533 (10th Cir. 1978) ("a court should not examine the details of the offers and counteroffers between the parties, nor impose its notions of what the agreement should provide").

Further, the Court's order was consistent with Seventh Circuit caselaw that suggests courts may make at least some level of inquiry into conciliation. In *EEOC v. Massey-Ferguson*, the Seventh Circuit found that the EEOC was not required to raise class backpay claims during conciliation. 622 F.2d 271, 277 (7th Cir. 1980). However, the court stated that "failure to conciliate on class backpay is relevant to the question of unreasonable delay and, therefore, ultimately to laches." *Id*. Accordingly, the Seventh Circuit acknowledged that courts may inquire into the conciliation process. Similarly, in *Schnellbaecher v. Baskin Clothing*, the Seventh Circuit found dismissal of a suit was appropriate where a party did not have notice of the charges or a chance to conciliate. 887 F.2d 124, 127 (7th Cir. 1989). Again, the Seventh Circuit seems to acknowledge that at least some level of inquiry into the conciliation process is appropriate. Thus, for the foregoing reasons, the Court cannot conclude it committed a manifest

error of law in finding the EEOC's conciliation process is subject to at least some level of review.

### b. Section F of Mach Mining's Response

Similarly, the Court cannot conclude it committed a manifest error of law in failing to strike Section F of Mach Mining's response to the EEOC's motion for partial summary judgment in which Mach Mining discusses the conciliation between the parties. The statute which the EEOC contends prohibits disclosure of this conciliation material provides as follows:

> Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned.

42 U.S.C. § 2000e-5(b). The EEOC argues that the Court erred because its ruling was in contradiction to the portion of the statute prohibiting conciliation matters to be "used as evidence in a subsequent proceeding without the written consent of the persons concerned." *Id*.

This statutory command to refrain from introducing conciliation matters into evidence in subsequent proceedings appears to be in contradiction to the EEOC's statutory duty to conciliate. The statute requiring conciliation provides that

> [i]f the [EEOC] determines [] that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.

42 U.S.C. § 2000e-f(b). As previously discussed, this statute has been read by every court to have considered the issue as requiring the EEOC to conciliate and subjecting that conciliation to at least some level of judicial review. However, to review whether the EEOC engaged in conciliation, at least some level of evidence regarding conciliation efforts must be introduced into evidence in a proceeding before the court.

"Statutory terms or words will be construed according to their ordinary, common meaning." *Precision Indus., Inc. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 544 (7th Cir. 2003). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what is says there." *Id*. (citing *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)). The Court must also be mindful that statutes dealing with the same subject matter must "be read *in pari materia* and harmonized when possible." *Matter of Johnson*, 787 F.2d 1179, 1181 (7th Cir. 1986). Courts have an obligation to construe statutes "in such a way as to avoid conflicts between them, if such a construction is possible and reasonable." *Precision Indus., Inc.*, 327 F.3d at 544.

The Court believes a reasonable interpretation of 42 U.S.C. § 2000e-5(b) is achieved by construing that statute as prohibiting the introduction of conciliation matters into evidence to prove or disprove a claim on the merits. That statute, however, does not prohibit the introduction of conciliation matters in collateral proceedings such as contesting the EEOC's conciliation efforts. The Court can harmonize 42 U.S.C. § 2000e-f(b) with 42 U.S.C. § 2000e-5(b) in this manner by comparing 42 U.S.C. § 2000e-5(b) to Federal Rule of Evidence 408.

Rule 408 prohibits any party from introducing evidence of settlement negotiations into evidence. Fed. R. Evid. 408(a). However, "[t]he court may admit this evidence" in a collateral proceeding. Fed. R. Evid. 408(b). The prohibition on the introduction of the EEOC's conciliation efforts is similar to the reasoning behind Rule 408. Evidence of compromise is excluded on the ground of "the public policy favoring the compromise and settlement of disputes." Fed. R. Evid. 408 advisory committee's note. Similarly, "[w]hen Congress first enacted Title VII in 1964 it selected '[c]ooperation and voluntary compliance as the preferred means for achieving' the goal of equality of employment opportunities." *Occidental Life Ins.*

7

*Co. of California v. EEOC*, 432 U.S. 355, 367-68 (1977).  Congress intended the EEOC not "simply as a vehicle for conducting litigation on behalf of private parties," but as an "agency charged with the responsibility of investigating claims of employment discrimination and settling disputes, if possible, in an informal, noncoercive fashion."  *Id*. at 368.

Because both Rule 408 and the EEOC's duty to conciliate arise from a strong policy favoring settlement, it is reasonable for the Court to read 42 U.S.C. § 2000e-f(b) as prohibiting the introduction of conciliation with respect to a ruling on the merits of the case.  However, such evidence may be permitted in a collateral matter, such as assessing whether the EEOC has engaged in conciliation.  Such a construction would further the policy encouraging settlement, but at the same time allow courts to review conciliation in a collateral proceeding.  This reading is reasonable and avoids a contradiction of the statutes requiring conciliation and prohibiting the introduction of conciliation matters into evidence.  It further avoids an absurd result which would be present if a party contesting conciliation could not introduce evidence of that conciliation. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982) ("interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available").

In this instance, Mach Mining did not introduce conciliation matters for the purpose of proving or disproving this case on its merits.  Rather, Mach Mining attached this information for the purpose of proving the EEOC failed to fulfill its statutory obligation to conciliate.  For that reason, the Court did not commit a manifest error of law in failing to strike Section F of Mach Mining's response to the EEOC's motion for partial summary judgment.

For the foregoing reasons, the Court did not commit a manifest error of law in failing to read the APA as prohibiting judicial review of conciliation or in declining to strike Section F of

Mach Mining's response to the EEOC's motion for partial summary judgment. Thus, the Court denies the EEOC's motion to reconsider.

### 3. Motion to Certify

In the alternative, the EEOC asks this Court to certify its order denying the EEOC's motion for partial summary judgment to the Seventh Circuit Court of Appeals pursuant to section 1292(b). The court of appeals, in its discretion, may hear an interlocutory appeal after certification from the district court that the appeal presents "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Accordingly, "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). The party seeking an interlocutory appeal bears the burden of demonstrating "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

There are two questions at issue as follows: (1) Is the EEOC's conciliation process subject to judicial review?; and (2) If so, is that level of review a deferential or heightened scrutiny level of review? There is no doubt that these questions are questions of law. Further, the EEOC's position has merit. EEOC has pointed out that no circuit has considered its APA arguments. Also, while all circuits to have considered the issue have found conciliation subject to review, those circuits are not in agreement on the level of review. *See United Rd. Towing, Inc.*, 2012 WL 1830099, at *4 (citing *EEOC v. McGee Bros.*, No. 10-cv-142, 2011 WL 1542148,

at *4 (W.D.N.C. Apr. 21, 2011)) (noting some circuits employee a "deferential standard" and others use a "heightened scrutiny standard" of conciliation review). The Seventh Circuit has not specifically ruled on the justiciability of conciliation or the extent of that inquiry. The EEOC also advances significant arguments that *Caterpillar* should be extended to prohibit judicial review of conciliation.

The questions raised are controlling in this case. "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). Here, if conciliation is justiciable, the inquiry into the EEOC's conciliation could dramatically impact the size of the class. *See EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657, 689-90 (8th Cir. 2012) (dismissing EEOC's claims on behalf of claimants whose alleged harassment occurred after the filing of suit because EEOC could not have conciliated on those claimants' behalf).

Finally, an interlocutory appeal on this matter may also advance the ultimate termination of litigation. If this appeal is not allowed, and Mach Mining is allowed to discover conciliation material to support its affirmative defense, the numerous discovery requests[1] from Mach Mining will undoubtedly delay the termination of this litigation. On the other hand, if the Seventh

---

[1] The EEOC summarized the relevant pending discovery as follows:

> Mach [Mining]'s motion to compel discovery on this topic is currently pending and the discovery sought is extensive, including over 100 requests to admit facts, interrogatories, and a 30(b)(6) deposition of an EEOC official. Invariably there is overlap between material that concerns conciliation and material that is covered by the deliberative process privilege. Depositions on these topics almost always produce further discovery disputes regarding EEOC's invocation of this privilege. Mach [Mining] has also indicated that it seeks to depose all of the female applicants for whom EEOC seeks relief, and given the nature of its inquiries to date, it is reasonable to assume that it will attempt to question each woman about her participation in conciliation.

Doc. 72, p. 2.

10

Circuit concludes that the EEOC's conciliation process is not justiciable, this case will proceed exponentially faster absent numerous conciliation-related discovery requests.

Because the EEOC has established the four statutory criteria for certification pursuant to § 1292(b), the Court grants the EEOC's motion to certify and certifies the following questions for appeal:  Whether courts may review the EEOC's informal efforts to secure a conciliation agreement acceptable to the EEOC before filing suit?  If courts may review the EEOC's conciliation efforts, should the reviewing court apply a deferential or heightened scrutiny standard of review?

### 4. Conclusion

In conclusion the Court **GRANTS in part and DENIES in part** the EEOC's motion (Doc. 59).  Specifically, the Court **DENIES** the EEOC's motion to reconsider and **GRANTS** its motion to certify this Court's January 28, 2013, order for interlocutory appeal.  The Court **CERTIFIES** its January 28, 2013, order (Doc. 55) for interlocutory appeal because the following questions meet the 28 U.S.C. § 1292(b) requirements:

> May courts review the EEOC's informal efforts to secure a conciliation agreement acceptable to the EEOC before filing suit?  If courts may review the EEOC's conciliation efforts, should the reviewing court apply a deferential or heightened scrutiny standard of review?

**IT IS SO ORDERED.**

**DATED:** May 20, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
