IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:11-cv-00879-JPG-PMF ) |
| MACH MINING, LLC, | ) ) |
| Defendant. | ) |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the court is Defendant Mach Mining's ("Mach") Motion to Stay Discovery Pending Supreme Court Review (Doc. 123). Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a response in opposition (Doc. 124), and Mach filed a reply in support of the original motion shortly thereafter (Doc. 126). A stay was previously granted on July 1, 2013, (Doc. 92) pending the outcome of an interlocutory appeal to the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit held that any alleged failure by the EEOC in the conciliation process was not an affirmative defense for employers charged with employment discrimination. The Seventh Circuit's decision was appealed, and on June 30, 2014, The Supreme Court granted certiorari on that issue. Once again, the issue of a stay is before this Court. For the following reasons, Mach's Motion to Stay Discovery Pending Supreme Court Review is GRANTED.

Mach's motion seeks to stay discovery pending the Supreme Court's disposition of the appeal. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936). In determining whether to grant a stay, the Court considers factors such as judicial economy and prejudice or hardship to the parties.  *See Bd. of Trustees of Teachers' Ret. Sys. of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002).

Here, the Court finds that a stay is warranted. The United States Courts of Appeals are currently split on the issue of reviewability of the EEOC's conciliation efforts. The outcome of the appeal will ultimately determine whether the EEOC's conciliation efforts are a significant component of this litigation. There is even the potential for the Supreme Court's ruling to be dispositive of the case. So as to avoid devoting judicial resources to potentially unnecessary discovery disputes, the Court finds that a stay is warranted. The Court also recognizes the hardship and prejudice that Mach would face if it was required to continue the discovery process while presenting an appeal to the Supreme Court.  Mach's goals during the discovery process will depend in large part on whether the Supreme Court affirms the Seventh Circuit ruling. While the EEOC agreed to limit discovery to non-conciliation issues, there is likely to be overlap between the conciliation and non-conciliation matters.  This overlap is likely to lead to future discovery disputes and confusion until the Supreme Court reaches a decision on the appeal.

Thus in the interests of judicial economy and fairness for both parties, the Court finds that a stay of discovery pending Supreme Court review is warranted. Mach's Motion to Stay Discovery Pending Supreme Court Review is GRANTED.

SO ORDERED.

**DATED: August 5, 2014.**

/s/ *Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**