IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>MACH MINING, LLC,<br><br>    Defendant. | Case No. 11-cv-00879-JPG-PMF |

### MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion (Doc. 133) to Strike "Section F" of Defendant Mach Mining, LLC's ("Mach Mining") Memorandum in Opposition to EEOC's Motion for Partial Summary Judgment and to Bar any Future Submission of "Anything Said or Done During Conciliation" and EEOC's Motion (Doc. 137) to Strike Paragraphs 6-14 of Defendant's Exhibit A, and Paragraphs 4-12 of its Statement of Additional Undisputed Facts from its Opposition to EEOC's Motion for Partial Summary Judgment.

Also before the Court is EEOC's Renewed Motion (Doc. 134) for Partial Summary Judgment on Defendant Mach Mining's Conciliation Affirmative Defense. Mach Mining filed a timely response to each of these motions (Docs. 135, 136, & 139).

1. **Background.**

The EEOC filed the instant suit on behalf of Brooke Petkas and a class of female applicants who had applied for non-office jobs at Mach Mining. According to the EEOC, Mach Mining "has never hired a single female for a mining-related position," and "did not even have a women's bathroom on its mining premises." (Doc. 32, p. 1-2). The complaint alleges that Mach

Mining's Johnston City, Illinois, facility engaged in a pattern or practice of unlawful employment practices since at least January 1, 2006, in violation of Title VII, by engaging in sex discrimination. In its answer (Doc. 10), Mach Mining asserted the affirmative defense that the EEOC failed to conciliate in good faith.

The EEOC motioned (Doc. 32) for partial summary judgment on Mach Mining's Failure to Conciliate Affirmative Defense and this Court denied the motion (Doc. 55). EEOC then filed a Motion (Doc. 59) for Reconsideration of the denial, or in the alternative, a Certification for Appeal under 28 U.S.C. §1292(b). The Court held oral arguments and denied reconsideration of its order, but granted the motion to certify (Doc. 86). The Court found that the following questions met the 28 U.S.C. §1292(b) requirements:

> May courts review the EEOC's informal efforts to secure a conciliation agreement acceptable to the EEOC before filing suit?
>
> If courts may review the EEOC's conciliation efforts, should the reviewing court apply a deferential or heightened scrutiny standard of review?

The issue was argued before the United States Court of Appeals for the Seventh Circuit on October 29, 2013 and decided on December 20, 2013. The appellate court held that:

> We need not say more about remedies because we hold that alleged failures by the EEOC in the conciliation process simply do not support an affirmative defense for employers charged with employment discrimination…..The EEOC is entitled to summary judgment on defendant Mach Mining's affirmative defense. *E.E.O.C. v. Mach Mining, LLC,* 738 F.3d 171, 184 (7th Cir. 2013).

The Seventh Circuit reversed and remanded the case back to this Court for proceedings on the merits; however, Mach Mining petitioned for certiorari to the United States Supreme Court and certiorari was granted. The Supreme Court heard arguments on January 13, 2015 and decided on April 29, 2015. It held that:

2

We hold that a court may review whether the EEOC satisfied its statutory obligation to attempt conciliation before filing suit. But we find that the scope of that review is narrow, thus recognizing the EEOC's extensive discretion to determine the kind and amount of communication with an employer appropriate in any given case. *Mach Mining. LLC v. E.E.O.C.*, 135 S.Ct. 1645, 1649 (2015).

The judgment of the Court of Appeals was vacated and the matter was remanded back to the Seventh Circuit for further proceedings. Upon remand, the Seventh Circuit remanded back to the district court for proceedings consistent with the opinion of the Supreme Court.

EEOC now renews it motion for partial summary judgment on Mach Mining's conciliation affirmative defense. However, before considering the merits of the motion for partial summary judgment, the Court must first address EEOC's Motions to Strike (Docs. 133 & 137).

2. **EEOC's Motions to Strike.**

In its first motion (Doc. 133) to strike, EEOC requests that this Court strike "Section F" of Mach Mining's Memorandum (Doc. 42) in Opposition to EEOC's Initial Motion for Partial Summary Judgment (Doc. 32). EEOC had filed a previous motion (Doc. 45) to strike "Section F" which this Court denied (Doc. 55).

The Supreme Court stated that this Court "failed to give effect" to the non-disclosure provision of 42 U.S.C. § 2000e-5 when it denied the initial motion to strike and as such, "undermined the conciliation process itself." *Id.* at1655.

§ 2000e-5(b) of 42 U.S.C. provides that, "Nothing said or done during and as part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the person concerned."

3

EEOC argues that Section F of Mach Mining's Memorandum provides information with regard to the conciliation process between Mach Mining and the EEOC in violation of 42 U.S.C. § 2000e-5.

Mach Mining argues[1] that Section F focuses on what was missing from the conciliation process – not what was actually "said or done." Mach Mining further argues that Section F does not "reveal ***statements*[2]**" made during conciliation and therefore, did not reveal "actual communications between the parties."

Mach Mining cites to *EEOC v. OhioHealth Corp.*, No. 2:13-cv-780, 2015 WL 3952339 (S.D. Ohio June 29, 2015) in support of its arguments[3]. This case is not persuasive to the Court as it impermissibly considered positions taken by the parties during the conciliation. The *OhioHealth* court discussed whether a "final" offer was made and the EEOC's failure to provide supporting calculations for a damage demand. *Id.* at *3 - *4. OhioHealth court's conclusion that an unsupported "take-it-or-leave-it" demand letter could not constitute an attempt to engage in conciliation, *see Id.* at * 4, is at odds with *Mach Mining*'s rejection that the EEOC is required to lay out the factual and legal bases for its position and/or provide calculations underlying its monetary demands. *Mach Mining*, 135 S.Ct. at 1653-4.

The Supreme Court provided a guideline with regard to judicial review of the informal "conference, conciliation, and persuasion" and what information the Court may consider. It held that "a court looks only to whether the EEOC attempted to confer about a charge, and not to what happened (i.e., statements made or positions taken) during those discussions." *Id.* at 1656.

---

[1] Mach Mining's first argument is that the motion to strike is procedurally improper as Fed.R.Civ.P. 12(f) only applies to pleadings. However, EEOC brings the motion to strike pursuant to the provisions of 42 U.S.C. § 2000e-5(b)and therefore the motion is procedurally proper.
[2] Emphasis in original.
[3] *EEOC v. OhioHealth Corps*. is cited by Mach Mining in response to both motions to strike and the motion for partial summary judgment. The reasoning of the Court with regard this case will be outlined here and not repeated in the analysis of the motion for partial summary judgment.

Section F does not provide specific "statements," but it does indicate the positions of the parties and provides specific actions of the EEOC during conciliation[4]. A "failure" to provide information indicates a "request" for information and "counteroffers" indicate "offers." Although the substantive details are not provided, Section F does indicate things "said or done" during the conciliation process and goes beyond "whether EEOC attempted to confer about a charge."

As such, it is prohibited by 42 U.S.C. § 2000e-5(b) and EEOC's Motion (Doc. 133) to Strike "Section F" of Mach Mining, LLC's Memorandum in Opposition to EEOC's Motion for Partial Summary Judgment and to Bar any Future Submission of "Anything Said or Done" during Conciliation is **GRANTED**. Section F of Mach Mining, LLC's Memorandum (Doc. 42) in Opposition to EEOC's Motion for Partial Summary Judgment is **STRICKEN**. Further, in accordance with 42 U.S.C. § 2000e-5(b), the parties are **BARRED** from disclosing anything said or done during and/or as part of the informal methods of "conference, conciliation, and persuasion" in this matter without the written consent of the persons concerned.

EEOC's second Motion (Doc. 137) to Strike is also based on 42 U.S.C. § 2000e-5(b) and requests that this Court strike paragraphs 6–14 of Mach Mining's Exhibit A and paragraphs 4-12 of its statement of additional undisputed facts from its Memorandum (Doc. 136) in Opposition to EEOC's Motion for Partial Summary Judgment. Paragraphs 6 – 14 of Exhibit A and paragraphs 4-12 of the Memorandum are identical.

Based on the same reasoning above, the Court agree that paragraphs 6-12 & 14 of Exhibit A and paragraphs 4-10 & 12 of the memorandum should be stricken; however, paragraph 13 and 11, respectively, attests to the letter sent by the EEOC stating that conciliation efforts had failed

---

[4] Section F chronicles the information requests of Mach Mining; EEOC's lack of response; Mach Mining response to an offer (although no specific facts) and case law in support of Mach Mining's position.

and the date of this lawsuit. The EEOC has previously stated that such letters are available for review[5] and the date of filing in this matter is public record. The end of the EEOC's fiscal year is also publicly available (although the Court is unsure of the relevance.) The Court does not believe that information contained in these paragraphs contain statements made or positions taken during conciliation.

Therefore, EEOC's second Motion (Doc. 137) to Strike is **GRANTED** in part. Paragraphs 6–1 & 14 of Mach Mining's Exhibit A and paragraphs 4-10 & 13 of Mach Mining's statement of additional undisputed facts in its Memorandum (Doc. 136) in Opposition to EEOC's Motion for Partial Summary Judgment are **STRICKEN**.

3. **EEOC's Motion for Partial Summary Judgment.**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. The Court will construe all evidence in the light most favorable to Mach Mining and the EEOC has the burden to demonstrate that no reasonable jury could find for Mach Mining on the issue in question.

The EEOC is required, after an investigation and upon a finding that there is reasonable cause to believe a charge is true, to "endeavor to eliminate any such alleged unlawful

---

[5] "According to the Government, those "bookend" letters are all a court ever needs for review." *Mach Mining. LLC v. E.E.O.C.*, 135 S.Ct. 1645, 1653 (2015).

employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b).

In the Supreme Court's opinion in this matter, it put forth a two part test to determine whether the EEOC has complied with the statutory requirement of 42 U.S.C. § 2000e-5(b). First, the "EEOC must inform the employer about the specific allegation, as the Commission typically does in a letter announcing its determination of 'reasonable cause.' Such notice properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result." *Mach Mining. LLC v. E.E.O.C.*, 135 S.Ct. 1645, 1652 (2015).

Second, the EEOC must try to engage the employer in an informal method of "conference, conciliation, and persuasion." The informal method requires "some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice." *Id*. at 1656. However, it is limited and the "EEOC need only 'endeavor' to conciliate a claim without having to devote a set amount of time or resources to that project." Further, there are no specific steps or measures that the EEOC is required to take and the EEOC has full discretion to use whatever informal procedure it deems appropriate in each case. The EEOC also has full discretion to determine when such informal means are unsuccessful and when to proceed to litigation. *Id.* at 1654.

Judicial review is limited to the determination that the EEOC, "actually, and not just purportedly" attempted conciliation. It is a narrow review that "looks only to whether the EEOC attempted to confer about a charge, and not to what happened (i.e., statements made or positions taken) during those discussions." *Id*. at 1656. The review is narrow, but "bookend" letters from the EEOC inviting conciliation and then finding conciliation was not successful, without

7

evidence that there was communication in between the letters in an attempt to remedy the discriminatory employment practice, are not enough. *Id.* at 1653.

The EEOC sent the Determination of reasonable cause letter to Mach Mining on September 17, 2010. The letter stated that:

> [T]he evidence obtained during the course of the investigation establishes reasonable cause to believe that Respondent discriminated against Charging Party and a class of female applicants, because of their sex, in that Respondent failed to recruit and hire them, in violation of Title VII. (Doc. 117-4).

The letter satisfies the first prong as it properly describes both what Mach Mining has done (*because of their sex, Mach Mining failed to recruit and hire*) and which individuals (or what class of individuals) have suffered as a result (*Charging Part and a class of female applicants*).

The second prong is more difficult to review. The Supreme Court has indicated that, "A sworn affidavit from the EEOC stating that it has performed its obligations noted above but that its efforts have failed will usually suffice to show that it has met the conciliation requirement." However, if "the employer provides credible evidence of its own, in the form of an affidavit or otherwise, indicating that the EEOC did not provide the requisite information about the charge or attempt to engage in a discussion about conciliating the claim, a court must conduct the factfinding necessary to decide that limited dispute." *Id.* at1656.

The EEOC provided the Declaration of Juianne Bowman (Doc. 134-2) which states that, "the EEOC engaged in oral and written communications with Mach Mining to provide Mach Mining with the opportunity to remedy the discriminatory practices described in the

8

Determination." This affidavit would be sufficient to show that the EEOC met its conciliation requirement in this matter; however, Mach Mining produced the Affidavit of R. Lance Witcher.[6]

Mr. Witcher's affidavit does not state that the EEOC failed to conciliate in any manner– only that Mach Mining had requested information from the EEOC that was "necessary to determine whether EEOC satisfied its pre-suit conciliation obligations" and Mach Mining's Requests for Admission to the EEOC. The Court notes that Mach Mining's memorandum of opposition argues that the EEOC failed to provide it an "opportunity to remedy" but Mr. Witcher's affidavit does not attest to that statement.

As previously stated, the Supreme Court rejected the argument that the EEOC was required to "lay out 'the factual and legal basis for' all its positions, including the calculations underlying any monetary request." It also rejected the argument that the EECO, "must refrain from making "take-it-or-leave –it" offers. *Id.* at 1654, citing Brief for Petitioner 39.

To refute the EEOC's affidavit, Mach Mining was required to provide an affidavit, or other evidence, indicating that the EEOC did not provide the requisite information about the charge or attempt to engage in a discussion about conciliating the claim. The affidavit provided by Mach Mining only indicates that the EEOC did not provide all the information that Mach Mining requested and not that it failed to provide the requisite information.

As stated above, the scope of judicial review is narrow with regard to conciliation on discrimination charges. It focuses on whether the EEOC endeavored to conciliate – not the extent or means of conciliation. The EEOC provided Mach Mining with the proper notice and based on the declaration of Juliane Bowman, the EEOC engaged in oral and written communications with Mach Mining to provide Mach Mining with the opportunity to remedy the

---

[6] The Court is disregarding those portions of Mr. Witcher's affidavit that are ordered stricken by this order.

discriminatory practices. Therefore, the EEOC has met the two part test set out by the Supreme Court in *Mach Mining. LLC v. E.E.O.C.*, 135 S.Ct. 1645, 1652 (2015).

4. **Conclusion.**

The Court understands Mach Mining's position that it should be entitled to receive demand calculations and additional information during the conciliation process; however, this Court cannot direct that such information be provided. The Supreme Court has held that the EEOC has no procedural requirements with regard to conciliation beyond engaging in some form of discussion and there is no dispute that some form of discussion did occur in this matter.

The Court notes that conciliation is simply one part of a process and an employer who is dissatisfied with conciliation has the option of proceeding to litigation. Although § 2000e-5(b) of 42 U.S.C prohibits the disclosure of "anything said or done" during the informal conciliation process, it does not prohibit disclosure of information obtained during the EEOC's investigation and such information becomes available through discovery.

Based on the above, EEOC's Motion (Doc. 133) to Strike "Section F" of Defendant Mach Mining, LLC's ("Mach Mining") Memorandum in Opposition to EEOC's Motion for Partial Summary Judgment and to Bar any Future Submission of "Anything Said or Done During Conciliation is **GRANTED**. "Section F" of Mach Mining, LLC's Memorandum (Doc. 42) in Opposition to EEOC's Motion for Partial Summary Judgment is **STRICKEN**. Further, in accordance with 42 U.S.C. § 2000e-5(b), the parties are **BARRED** from disclosing anything said or done during and/or as part of the informal methods of "conference, conciliation, and persuasion" in this matter without the written consent of the persons concerned.

EEOC's Motion (Doc. 137) to Strike Paragraphs 6-14 of Defendant's Exhibit A, and Paragraphs 4-12 of its Statement of Additional Undisputed Facts from its Opposition to EEOC's

Motion for Partial Summary Judgment is **GRANTED** in part. Paragraphs 6-12 & 14 of Defendant's Exhibit A, and Paragraphs 4-10 & 12 of its Statement of Additional Undisputed Facts from Mach Mining's Memorandum in Opposition to EEOC's Motion for Partial Summary Judgment are **STRICKEN.**

Finally, EEOC's Renewed Motion (Doc. 134) for Partial Summary Judgment on Defendant Mach Mining's Conciliation Affirmative Defense is **GRANTED** and the Court finds as a matter of law that the EEOC complied with 42 U.S.C. § 2000e-5(b) prior to filing this suit.

The parties are **DIRECTED** to submit a proposed amended scheduling order to Magistrate Judge Frazier within 21 days after the date of this order.

**IT IS SO ORDERED.**

**DATED:**  1/19/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
