IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 11-cv-00879-JPG-PMF |
| MACH MINING, LLC, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Mach Mining, LLC's ("Mach Mining") Objections (Doc. 117) to the Denial of Defendant's Motion for Protective Order (Doc. 113). The Plaintiff filed a timely response (Doc. 121) and Mach Mining filed a reply (Doc. 122). Local Rule 7.1(c)(2) states that reply briefs are not favored and should be filed only in exceptional circumstances. Mach Mining has stated exceptional circumstances and the Court will consider the reply brief.

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

Mach Mining filed a Motion (Doc. 111) for Protective Order on April 3, 2014, to preclude the Equal Employment Opportunity Commission ("EEOC") "from conducting discovery related to Mach's relationship with other entities – entities which EEOC failed to include in the investigation and conciliation state that prompted this action."

Magistrate Judge Philip M. Frazier conducted a telephonic hearing on May 15, 2014, and upon completion of the arguments, found that the EEOC was, "far from abusing discovery." As such, he denied Mach Mining's Motion for Protective Order.

Mach Mining argues that, "Magistrate Judge Frazier erred as a matter of law" and that his failure to grant a stay, "is clearly erroneous because such discovery inextricably relates to conciliation, and is therefore premature pending the United States Supreme Court's disposition of whether EEOC's conciliation efforts are subject to judicial review." (Doc. 117). This argument is now moot since the Supreme Court has issued an opinion.

Mach Mining also argues that it is the only entity named in the EEOC Charge of Discrimination and in which the EEOC investigated and conciliated with. As such, any discovery directed to related entities is "fishing" for "other potential defendants."

The EEOC argues that the Magistrate Judge, "made clear his opinion that the discovery EEOC seeks is relevant or reasonably calculated to lead to the discovery of admissible evidence based on the pleadings as they currently stand." The EEOC furthers states that the order was within the discretion of the Magistrate Judge and that Magistrate Judges "possess "extremely broad discretion in controlling" (*citing Jones v. City of Elkhart, Ind.*, 737 F.3d. 1107, 1115 (7th Cir. 2013)).

The Court agrees that the Magistrate Judge does possess broad discretion and the Court finds that the order was not clearly erroneous or contrary to law; however, the Court *sua sponte* reconsiders this issue.

The EEOC had the opportunity to request any and all documents – including those on related entities – during its investigation of Mach Mining. There are no allegations that Mach Mining failed to cooperate with that investigation or that Mach Mining did not disclose all

requested information. As such, the EEOC has had ample opportunity to seek information and include any related entity in its investigation of Mach Mining. The EEOC's Determination letter lists Mach Mining; Cline Resource and Development Company; and Coal Field Transport, Inc. as respondents. Any additional entities – whether or not related to Mach Mining – are not parties to this action and would have insufficient notice that they would be subject to discovery.

Therefore, this Court is **GRANTING** Mach Mining's Objection (Doc. 117) to Magistrate Judge Frazier's denial of a protective order and *sua sponte* **GRANTING** in part Mach Mining's Motion for Protection Order (Doc. 111). Such protection order is limited to those entities identified in the EEOC's Determination Letter – Mach Mining, LLC; Cline Resource and Development Company; and Coal Field Transport, Inc. – and the EEOC is prohibited from seeking discovery beyond those entities.

**IT IS SO ORDERED.**

**DATED:** 1/21/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**