**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

EQUAL EMPLOYMENT OPPORTUNITY      )
COMMISSION,                       )
                                  )
               Plaintiff,         )
                                  )
     vs.                          )        Case No. 11-cv-00879-JPG-PMF
                                  )
MACH MINING, LLC,                 )
                                  )
               Defendant.         )

**<u>MEMORANDUM AND ORDER</u>**

This Court conducted a hearing on August 16, 2016, in Benton, Illinois with regard to Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion (Doc. 144) for Clarification or Reconsideration of the Court's January 21, 2016 Order (Doc. 141); Motion (Doc. 145) for Leave to File First Amended Complaint; and Motion (Doc. 161) to File Supplement to Motion for Leave to File Amended Complaint.

1. **Background.**

The EEOC filed the instant suit on behalf of Brooke Petkas and a class of female applicants who had applied for non-office jobs at Mach Mining.  According to the EEOC, Mach Mining "has never hired a single female for a mining-related position," and "did not even have a women's bathroom on its mining premises."  (Doc. 32, p. 1-2).  The complaint alleges that Mach Mining's Johnston City, Illinois, facility engaged in a pattern or practice of unlawful employment practices since at least January 1, 2006, in violation of Title VII, by engaging in sex discrimination.

In its answer (Doc. 10), Mach Mining asserted the affirmative defense that the EEOC failed to conciliate in good faith and that issue was decided by the United States Supreme Court

which held:

> We hold that a court may review whether the EEOC satisfied its statutory
> obligation to attempt conciliation before filing suit.  But we find that the scope of
> that review is narrow, thus recognizing the EEOC's extensive discretion to
> determine the kind and amount of communication with an employer appropriate
> in any given case.  *Mach Mining. LLC v. E.E.O.C.*, 135 S.Ct. 1645, 1649 (2015).

After the decision by the Supreme Court, the defendant filed a renewed Motion (Doc.

134) for Partial Summary Judgment which this Court denied (Doc. 140).  The Plaintiff then filed

a Motion (Doc. 111) for Protective Order requesting that the Court preclude the EEOC, "from

conducting discovery related to Mach's relationship with other entities – entities which EEOC

failed to include in the investigation and conciliation stage that prompted this action."

Magistrate Judge Frazier conducted a telephone hearing and upon completion of the hearing,

denied defendant's motion for a protective order. (Doc. 113).

Defendant appealed the Magistrate's ruling.  (Doc. 117).  This Court found that the ruling

was not clearly erroneous or contrary to law; however, the Court *sua sponte* reconsidered the

motion and granted in part defendant's motion.  The Court found that:

> The EEOC had the opportunity to request any and all documents – including
> those on related entities – during its investigation of Mach Mining.  There are no
> allegations that Mach Mining failed to cooperate with that investigation or that
> Mach Mining did not disclosure all requested information.  As such, the EEOC
> has had ample opportunity to seek information and include any related entity in its
> investigation of Mach Mining.  The EEOC's Determination letter lists Mach
> Mining; Cline Resource and Development Company; and Coal Field Transport,
> Inc. as respondents.  Any additional entities – whether or not related to Mach
> Mining – are not parties to this action and would have insufficient notice that they
> would be subject to discovery." (Doc. 141, page 3).

The Court then limited the EEOC from seeking discovery beyond the entities named in its Determination letter and the EEOC now moves for clarification or reconsideration of that order.

**1. Motion for Clarification or Reconsideration of the Court's January 21, 2016 Order.**

Prior to hearing arguments, the Court noted that the January 21, 2016, did not intend to bar the EEOC from seeking discovery from any third party that may have relevant information pertaining to any issue in this matter.  The holding of the January 21, 2016, was that the EEOC was barred from additional discovery for the purpose of adding parties where no notice and attempt at conciliation had been made.  The Court then went on to hear arguments with regard to the motion for reconsideration and motion to amend.

**a. Standard for Reconsideration.**

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983));  Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").  The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine.  *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous.  *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

"Not to reconsider in such circumstances would condemn the parties to the unedifying prospect of continued litigation when they knew that a possibly critical ruling was in error and, unless it became moot in the course of the proceedings, would compel a reversal of the final judgment at the end of the case." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006).

### b. Analysis.

EEOC argued that Mach Mining has, "a web of complex corporate relationships" and that Mach Mining does not have physical control over the mining location and/or physical facilities. These facilities are owned by other entities that EEOC is attempting to obtain discovery.

As stated before arguments, this Court did not seek to bar discovery from property owners and EEOC is free to seek discovery from third parties.  However, such discovery is limited to Mach Mining's hiring/firing and/or lack of female facilities.   EEOC can conduct any discovery with regard to the merits of this case and/or discovery to third parties for legitimate purposes.  The only discovery that was barred was discovery with regard to adding defendants that have not had notice and an opportunity for conciliation.   Therefore, there is no basis for the Court to reconsider its January 27, 2016, ruling.

### 2. Motion for Leave to File First Amended Complaint.

### a. Standard.

The time for plaintiff to amend as a matter of right has passed, therefore, whether the plaintiff should be allowed to amend his complaint is governed by Federal Rule of Civil Procedure 15(a)(2).  Rule 15(a)(2) provides that a plaintiff may amend his pleading only with the opposing parties' written consent, which the plaintiff has not obtained, or leave of court, which the Court should freely give when justice requires.  "Generally, the decision whether to grant a

party leave to amend the pleadings is a matter left to the discretion of the district court." *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997).  A court should allow amendment of a pleading except where there is "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  *Orix Credit All., Inc. v. Taylor Mach. Works, Inc.*, 125 F.3d 468, 480 (7th Cir. 1997)(quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962).)

An amendment is futile if it would not survive a motion to dismiss for failure to state a claim, *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997), or a motion for summary judgment, *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001).

"If courts may not limit a suit by the EEOC to claims made in the administrative charge, they likewise have no business limiting the suit to claims that the court finds to be supported by the evidence obtained in the Commission's investigation."  *EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 833 (7th Cir. 2005).

**b.  Analysis.**

Counsel for EEOC argued that EEOC should be permitted to add as defendants Coal Field Transports, Inc. and Cline Resource and Development, Co., (entities named in the Letter of Determination and which EEOC states have had notice and an opportunity for conciliation) and for relief purposes only, Williamson Energy, LLC, Foresight Energy Services, LLC, Foresight Energy, LLC, Foresight Energy LP, Foresight Energy GP, LLC, Murray Energy Corp. and Murray American Coal, Inc., (entities who have not had actual notice and an opportunity for conciliation.)

EEOC stated that it should be allowed to add these parties under the "single employer" theory which provides that, "notice to one entity is notice to all.[1]"  The EEOC argues that Mach Mining is sufficiently aligned with the other entities to fall under the EEOC charge and cites to several non-controlling cases.[2]  Although non-controlling, the Court considered the cases with regard to their reasoning and determined that EEOC has not demonstrated that any of the additional entities exercised a level of control over Mach Mining's hiring/firing procedures sufficient to bring them within the "single employer" theory.

Further, EEOC acknowledged at the hearing that actual notice and an opportunity for conciliation had not been provided with regard to Williamson Energy, LLC, Foresight Energy Services, LLC, Foresight Energy, LLC, Foresight Energy LP, Foresight Energy GP, LLC, Murray Energy Corp. and Murray American Coal, Inc. nor did EEOC demonstrate that these entities could provide relief unavailable through Mach Mining[3].

The only entities EEOC acknowledged that had notice and an opportunity for conciliation was Cline Resource and Development and Coal Field Transport, Inc. – the two entities named in the EEOC Letter of Determination along with Mach Mining.  As such, if the EEOC can demonstrate that these entities had actual notice and an opportunity for conciliation in compliance with EEOC's rules and regulations, EEOC is granted leave to amend their complaint and to join Cline Resources and Development and Coal Field Transport, Inc. as defendants.

---

[1] Doc. 145, pg 6.
[2] EEOC v. Custom Companies, Inc., No. 02 C 3768, 2004 WL 1638223, at *1 (N.D. Ill. July 21, 2004); Radimecky v. Mercy Health Care & Rehab. Ctr., No. 00 C 2889, 2000 WL 1644510, at * 2 (N.D. Ill. Oct. 26, 2000); Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350 (11th Cir. 1994); Darby v. Pasadena Police Dept., 939 F.2d 311 (5th Cir. 1991); Sosa v. Hiraoka, 920 F.2d 1451, 1459 (9th Cir. 1990); Chung v. Pomona Valley Community Hospital, 667 F.2d 788, 790 (9th Cir. 1982); Tietgen v. Brown's Westminister Motors, 921 f. Supp. 1495 (E.D. Va. 1996).
[3] EEOC argument that these entities owned the property and facilities and therefore, could provide the injunctive relief with regard to female facilities was moot based on the defendant's representation that these facilities have already been constructed – which the EEOC did not deny or state that any additional modifications may be necessary.

### 3. Conclusion.

Based on the above, Plaintiff Equal Employment Opportunity Commission's Motion (Doc. 144) for Clarification or Reconsideration of the Court's January 21, 2016 Order (Doc. 141) is **DENIED**.  EEOC'S Motion (Doc. 145) for Leave to File First Amended Complaint is **GRANTED** in part to add Cline Resource and Development and Coal Field Transport, Inc. as defendants as long as the EEOC can demonstrate that they have had notice and an opportunity for conciliation in compliance with EEOC rules and regulations.   The remainder of EEOC's Motion to Amend with regard to Williamson Energy, LLC, Foresight Energy Services, LLC, Foresight Energy, LLC, Foresight Energy LP, Foresight Energy GP, LLC, Murray Energy Corp. and Murray American Coal, Inc. is **DENIED**.  Finally, Plaintiff Equal Employment Opportunity Commission's Motion (Doc. 161) to File Supplement to Motion for Leave to File Amended Complaint is **MOOT** as the Court reviewed and considered all exhibits prior to the hearing.

**IT IS SO ORDERED.**

**DATED:**  8/22/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**