**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

    vs.

MACH MINING, LLC, *et al.,*

       Defendants.

Case No. 11-cv-00879-JPG-RJD

Case No. 16-cv-01306-JPG-RJD

## MEMORANDUM AND ORDER

This matter comes before the Court on the Equal Employment Opportunity Commission's ("EEOC") Agreed Motion for Approval of Consent (Doc. 175). For the following reasons, the Court grants the motion.

1. Background.

The EEOC filed the instant suit on behalf of Brooke Petkas and a class of female applicants who had applied for non-office jobs at Mach Mining. According to the EEOC, Mach Mining "has never hired a single female for a mining-related position," and "did not even have a women's bathroom on its mining premises." (Doc. 32, p. 1-2). The complaint alleges that Mach Mining's Johnston City, Illinois, facility engaged in a pattern or practice of unlawful employment practices since at least January 1, 2006, in violation of Title VII, by engaging in sex discrimination.

The procedural history of the lead case (*EEOC v. Mach Mining, LLC*, 11-cv-00879-JPG-RJD) is extensive and has been laid out in previous orders. As such, it will not be repeated here other than to note that the lead case was consolidate with the recently filed matter of *EEOC v. Foresight Energy Service*s, et al., 16-cv-01306-JPG-RJD in order to facilitate a resolution of all related issues between the parties.

After an extensive negotiation process, the parties came to the agreement currently under consideration.  On December 5, 2016, the EEOC filed its motion for approval of the consent decree and the Court held a hearing on January 17, 2017.  As directed at the hearing, the EEOC filed clarification with regard to the *cy pres* funds on January 23, 2017.  (Doc. 180.)

2.  <u>Analysis</u>.

Approval of a consent decree is committed to the discretion of the district court.  *Madison Cnty. Jail Inmates v. Thompson*, 773 F.2d 834, 845 (7th Cir. 1985).  In reviewing a consent decree, the district court pays deference to the expertise of the agency and the policy encouraging settlement.  *United States v. George A. Whiting Paper Co.*, 644 F.3d 368, 372 (7th Cir. 2011).  As such, a presumption in favor of approving the consent decree arises.  *Donovan v. Robbins*, 752 F.2d 1170, 1177 (7th Cir. 1985).  Accordingly, this Court "must approve a consent decree if it is reasonable, consistent with [the agency's] goals, and substantively and procedurally fair." *George A. Whiting Paper Co.*, 644 F.3d at 372.

a.  Procedural Fairness

A consent decree is procedurally fair if the negotiations in reaching it were open and at arms-length.  *In re Tutu Water Wells CERCLA Litig.*, 326 F.3d 201, 207 (3d Cir. 2003); *see also United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 86 (1st Cir. 1990) (a court determines procedural fairness by examining "the candor, openness, and bargaining balance.")  Here, all parties are represented by experienced counsel, and there is nothing suggesting this consent decree was reached through anything but a procedurally fair negotiation process.  As such, the Court finds that the instant consent decree was the result of a procedurally fair process.

b.  Substantive Fairness

A consent decree is substantively fair if it involves "corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible."  *Cannons*, 899 F.2d

at 87.  Procedural fairness is relevant to the inquiry because "[t]o the extent that the process was fair and full of adversarial vigor, the results come before the court with a much greater assurance of substantive fairness."  *Id*. at 87, n.4.

The Court finds the instant consent decree substantively fair because it obtains a significant civil penalty for the alleged noncompliance and requires the defendants to comply with EEOC regulations and an injunctive protocol on future hiring.  The Court has no reason to believe the process was substantively unfair.

c.  Reasonableness.

Considering a consent decree's reasonableness is a "multifaceted exercise."  *Id*. at 89.  This Court finds the consent decree to be reasonable.  The reasons this Court finds the consent decree substantively fair also support the reasonableness of the agreement.  It will compensate the individuals harmed by the defendant's hiring practices and set forth procedures for future hiring.  Nothing indicates this consent decree is unreasonable.

d.  Consistency with EEOC policies.

The EEOC is responsible for the administration and enforcement of title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, including employment discrimination based on gender.  29 C.F.R. § 1601.1 & 42 U.S.C. § 1981.  The proposed consent degree provides for corrective practices in the defendants' hiring practices, compensation for those individuals harmed by the defendant's previous hiring policies, and also injunctive relief that would that will provide sufficient facilities for female employees at all of the covered entities.   Accordingly, the Court finds that the consent decree is consistent with EEOC's goals.

3.  Conclusion.

For the foregoing reasons, the Court **GRANTS** the EEOC's Agreed Motion (Doc. 175) for Approval of Consent Decree and **DIRECTS** the Clerk of Court to enter the consent decree.

Because the consent decree resolves all pending claims between the parties, once the consent decree is entered, the Clerk of Court is **DIRECTED** to close this matter.

**IT IS SO ORDERED.**

**DATED:**  1/25/2017

          *s/J. Phil Gilbert*
          **J. PHIL GILBERT**
          **U.S. DISTRICT JUDGE**